The People of the State of Illinois, Plaintiff-Appellee, *v.* John Rogers, Defendant-Appellant.

(No. 12845;

Fourth District—October 16, 1975.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from his conviction by a jury of the offense of burglary and from a sentence imposed of two to six years' imprisonment. We affirm.

Defendant argues two grounds for reversal, one, an instruction issue, the second a question of reasonable doubt.

■■ Defendant urges that it was error for the trial court to refuse to give the final paragraph of IPI Criminal 3.02, which states:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The trial court's reason for the refusal was that the evidence was not entirely circumstantial. The alleged error was not mentioned in defendant's written post-trial motion. In such a case the objection is to be considered waived. (*People v. Lipscomb*, 28 Ill.App.3d 240, 328 N.E.2d

37.) Defendant argues that the alleged error was preserved by this statement in his post-trial motion:

> "11. That the defendant, by counsel, presents this motion in order to comply with the provisions of the statute providing for the same and to give the court the opportunity to correct errors. In presenting this motion, the defendant also seeks relief, as though he had presented a general oral motion for post-trial relief, and as he is not in possession of a transcript of the trial proceedings and is unable to specify error that occurred, he hereby presents any and all errors, and requests relief from this court, or if denied, then from the courts on review."

If such a request truly did preserve all errors, the rationale behind post-trial motions would be destroyed. In addition, this alleged error was certainly known to trial counsel without a transcript since he objected at the instruction conference and tendered his own instruction which was marked refused by the trial court.

Defendant also argues that he was not proven guilty beyond a reasonable doubt. This argument is clearly without merit.

Defendant was positively identified by an eyewitness. The eyewitness testified that he observed defendant and another, at 6 o'clock in the morning, at the Craft Texaco lot. He heard glass breaking and observed one of the persons duck inside the station. The other individual, positively identified as defendant, he observed walking around the area and watching closely. At one point defendant hollered into the station for the other to hurry up.

The eyewitness, stationed in a phone booth 50 to 75 feet away, testified he observed defendant for 15 minutes, from all angles. The witness also testified extensively as to the lighting conditions.

■■ The identification is attacked on the basis of some discrepancies between the witness's description to the police and defendant's actual description. The majority of the description was highly accurate. However, the witness did not notice a thin goatee. It is well established that such a minor discrepancy does not render an identification vague or uncertain. *People v. Catlett*, 48 Ill.2d 56, 268 N.E.2d 378.

■■ Other discrepancies were that the eyewitness described defendant's coat as dark brown, whereas another witness said it was light brown and that the glasses were described as dark-rimmed rather than wire-rimmed. These are factors for the jury to consider when deciding what weight to give to the identification but fall far short of raising a question of reasonable doubt. (See *People v. Martin*, 95 Ill.App.2d 457, 238 N.E. 2d 205.

■■ Defendant also alleges that the lighting conditions were inadequate

to make an identification. Clearly the weight to be attached to the identification is a question for the jury. The conditions were not so inadequate as to present the question of reasonable doubt. See *People v. Cullotta*, 32 Ill.2d 502, 207 N.E.2d 444.

■■ The evidence, if believed by the jury, was more than sufficient to prove defendant was not merely a bystander but an aider and abettor. The eyewitness testified he saw defendant standing with another when the other entered the closed gas station. Defendant spent the next 15 minutes walking around the perimeter and watching. He yelled encouragement to the person inside. Together with that person he fled when the police arrived. This evidence is not so improbable as to raise a reasonable doubt of guilt. *People v. Mills*, 40 Ill.2d 4, 237 N.E.2d 697.

Judgment affirmed.

GREEN and CRAVEN, JJ., concur.