THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND MOSE CAREL, Defendant-Appellant.

Third District  No. 75-49

Opinion filed April 22, 1976.

Ruth Stern Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick Corcoran, State's Attorney, of Carthage (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Raymond Carel appeals to this court from a conviction, in a jury trial of the crime of burglary, with a consequent sentence of 3 to 10 years in the penitentiary. Defendant contends on appeal that he was unfairly prejudiced by the prosecutor's comments, in closing argument, with respect to defendant's prior burglary conviction.

We note from the record that Hamilton, Illinois, police officers were

alerted to the burglary by a neighbor, who noticed three persons attempting to enter Bricker's service station through a window in the early morning hours of September 11, 1974. The officers arrived in three automobiles and found one of the large bay doors open. They subsequently discovered that defendant and a friend were in the men's restroom inside the station. A box of pennies was found scattered near the grease rack. Defendant was caught by one of the officers dropping a key on the floor. The key was later identified as the key to the cash register.

Defendant Carel testified that he and several friends had been driving to Keokuk when he lost control of his car and it ended up on the railroad tracks adjacent to the highway. He and one of the friends headed to Bricker's service station for the purpose of using a telephone to call another friend for help. This initial portion of defendant's testimony was corroborated by other witnesses, including police officers who made the arrest, who found the car on the tracks. Defendant also testified that the police drove up after he had made the phone call from the public booth on the station lot, while he was observing the unusual sight of one of the station's garage doors being open at that hour. Defendant complains that the police shoved him and his friend into the station and accused them of burglarizing the premises. He also stated that one officer found the cash register key on the floor and placed it in defendant's pocket, and that another officer kicked over the box of pennies which sat near the grease rack.

Defendant also testified that he had previously pleaded guilty to another burglary charge and had spent three years in the penitentiary on that conviction. Counsel for defendant in the closing argument made the following statements:

> "Here is a man that spent three years in jail for burglary that he pleaded guilty to back in 1971.
> * * *
> Now you will be told the defendant is charged with the crime of burglary, and he had pleaded not guilty. Several years ago he pleaded guilty to a crime because he did it, and he paid his price to society, but you are to consider all of the facts and circumstances here, all of them.
> * * *
> Sins of the past are not to be visited upon him today."

In his rebuttal, the prosecutor (who had made no reference to defendant's prior conviction of burglary, in his opening argument) made the following reference:

> "This defendant was convicted of burglary. The same charge he is before you on today. For the particular crime on trial in this case, the charges would again be burglary."

No objection was made to the comment by the prosecutor, nor was it relied upon as error in the post-trial motion filed by Carel after his conviction in the cause before us. Also there was no limiting instruction sought by defendant of the type of Illinois Pattern Instruction—Criminal No. 3.13, which directs the jury to consider evidence of prior convictions only as it reflects on the credibility of the defendant.

■■ As a general rule, in the words of *People v. Lehman* (1955), 5 Ill. 2d 337, 342, 125 N.E.2d 506:

> "The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime."

This principle, reaffirmed recently in *People v. Manzella* (1973), 56 Ill. 2d 187, 198, 306 N.E.2d 10, *cert. denied,* 417 U.S. 933, 41 L. Ed. 2d 236, 94 S. Ct. 2644, supports the rule that evidence of a defendant's prior crimes is not generally admissible, except to show motive, intent, identity, existence of a common plan, or credibility, where the evidence in fact lends itself to such proof. (*People v. Lehman* (1955), 5 Ill. 2d 337, 342, 125 N.E.2d 506; *People v. Stadtman* (1974), 59 Ill. 2d 229, 231, 319 N.E.2d 813.) We recognize that it is improper for the prosecutor to comment on evidence of defendant's prior conviction in a manner intimating that such prior conviction tended to prove his guilt of a crime charged in the cause on trial. *People v. Donaldson* (1956), 8 Ill. 2d 510, 517-18, 134 N.E.2d 776; *People v. Oden* (1960), 20 Ill. 2d 470, 484-85, 170 N.E.2d 582.

In the cause before us, however, the comment does not justify a new trial. It is noted primarily that defendant neither objected to the comment at the time it was made, nor did he otherwise preserve the question for review by asserting it in his post-trial motion. Failure to either object or include the alleged error in the post-trial motion could normally result in a waiver of the issue on appeal. *People v. Dukett* (1974), 56 Ill. 2d 432, 442, 308 N.E.2d 590; *People v. Guynn* (3rd Dist. 1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d 239.

In the cause before us, defendant's contention has no real substantive merit. Defendant originally introduced the evidence of his prior conviction in his direct testimony, and his attorney commented upon it during the closing argument. Only then did the prosecutor make the challenged statement in his rebuttal argument, and, as we view it, the State properly characterizes this comment as "innocuous" and "a mere passing reference." It certainly is nothing like the comment in the *Donaldson* case referred to above, where in a prosecution for murder which occurred in the course of an armed robbery, the State's Attorney referred to Donaldson's prior robbery conviction and said, "Evidently that is his profession." Such comment would invite the jury to consider the prior conviction as substantive evidence that Donaldson committed the

crime before the jury. No such intimation is found in the case at bar.

We also note that in two recent similar cases, the courts have held that the prosecutor's brief reference in closing argument to defendant's past record was not prejudicial error on the facts of the case. (*People v. Kelly* (1st Dist. 1975), 25 Ill. App. 3d 753, 758, 324 N.E.2d 82; *People v. Stufflebean* (5th Dist. 1974), 24 Ill. App. 3d 1065, 1067-69, 322 N.E.2d 488.) Despite some factual differences, we believe those cases provide precedents for the resolution of this case.

■■  As we have observed, evidence of prior crimes can be considered by a jury, when properly introduced, as it bears on the credibility of a defendant. Defendant in this case apparently recognizes this and complains that no appropriate limiting instruction was given, and thus the error was compounded. While the trial court is under a duty to see that a jury is properly instructed as to the applicable law, the burden is primarily on the parties to tender desired instructions, and the failure of a party to offer a particular instruction generally is considered a waiver precluding him from raising the lack of such instruction as an issue on appeal. *People v. Springs* (1972), 51 Ill. 2d 418, 425, 283 N.E.2d 225; Ill. Rev. Stat. 1975, ch. 110A, §451(c), and ch. 110, §67(3).

■■  While we would consider IPI—Criminal No. 3.13 as an appropriate instruction to limit the jury's consideration of Carel's prior conviction to its effect on his credibility, we do not believe it was so essential as to require us to overlook defendant's failure to tender the instruction or to hold that there was plain and substantial error requiring a new trial.

■■  In the cause before us the jury was faced with the factual question which depended largely on the evaluation of the credibility of the witnesses. The police officers and defendant testified to certain basic facts but differing in key matters, which meant the difference between the commission of the crime of burglary and innocent behavior. The jury had the task of determining who was telling the truth—the defendant, or the police officers and neighbor. The determination of the jury was clearly not unreasonable nor do we believe, on the basis of the record, that it was substantially affected, if at all, by the prosecutor's comment as to the prior conviction, or by the lack of an instruction limiting the jury's consideration of that conviction.

For the reasons stated, the judgment of the Hancock County Circuit Court is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur