THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* ANTHONY REED, Defendant-Appellant.

Fourth District   No. 4—83—0789.

Opinion filed June 29, 1984.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Sangamon County, defendant, Anthony Reed, was convicted on October 13, 1983, of having committed the offenses of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2) and attempt murder (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4, 9—1) on August 1, 1983. On November 18, 1983, the court sentenced him to a single sentence of 6 years' imprisonment with credit for 93 days already served. At the time of the alleged offenses, defendant was 15 years of age. On appeal he contends that section 2—7(6)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 702—7(6)(a)) is unconstitutional. This section required that, because he was charged with armed robbery, defendant be prosecuted in a criminal proceeding rather than under the Juvenile Court Act as would ordinarily be the case with one his age. He also maintains that the trial court erred in admitting evidence of prior consistent statements by two prosecution witnesses. We affirm.

The contention that the trial court had erred in overruling defense objection to the admission of the prior consistent statements

was not raised specifically in defendant's post-trial motion. That motion did state that because of the lack of a transcript, the defendant was claiming "as error each and every error, plain or otherwise shown of record." We have held that such a catchall statement lacks the specificity required to preserve for review any error that is not plain error. (*People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784.) Regardless of whether these statements were admissible to rebut the defense contention that the testimony of the witnesses was of recent fabrication, the statements had other probative value. Defense counsel had cross-examined these witnesses concerning portions of their statements. Presentation of the statements in their entirety helped to provide the context for that about which they had been cross-examined. (See *United States v. Weinbren* (2d Cir. 1941), 121 F.2d 826; *Biegajski v. State* (Tex. App. 1983), 653 S.W.2d 624; McCormick, Evidence sec. 56, at 130 (2d ed. 1972).) Under the circumstances, we do not find plain error to have occurred. Defendant has waived the issue.

■ As the only remaining issue concerns the constitutionality of legislation, we need not discuss the facts of the case. The State asserts that the constitutional question has also been waived because it was not properly raised below. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) We need not decide whether it was properly raised because we hold the statute to be constitutional.

Section 2—7(6)(a) of the Juvenile Court Act states:

> "The definition of delinquent minor under *** this Act shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with murder, rape, deviate sexual assault or armed robbery when the armed robbery was committed with a firearm. These charges and all the other charges arising out of the same incident shall be prosecuted pursuant to the Criminal Code of 1961, as amended." (Ill. Rev. Stat. 1981, ch. 37, par. 702—7(6)(a).)

But for the existence of the above legislation, section 2—7 would have prohibited the State from charging defendant in a criminal proceeding with armed robbery and attempt murder without obtaining the permission of a "Juvenile Judge, designated by the Chief Judge of the Circuit to hear and determine" such motions to prosecute a minor under the criminal laws. Absent the existence of section 2—7(6)(a) and absent permission by the court for the State to proceed with a criminal prosecution, the State would have been limited to a proceeding under the Juvenile Court Act. If section 2—7(6) is valid, the State was limited to prosecuting defendant as a criminal. Defendant maintains

that section 2—7(6)(a) is invalid because it deprived him of procedural and substantive due process and equal protection of the laws.

Defendant's assertion of the failure of the legislature to provide procedural due process is based on the cases of *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, and *Goldberg v. Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011.

At issue in *Kent* was a District of Columbia statute which provided that juveniles 16 years of age or older charged with an offense which, if committed by an adult, would subject the offender to a possible sentence of death or life imprisonment, could be tried as adults if the juvenile court judge " '*** after full investigation ***' " waived the jurisdiction of the juvenile court. (*Kent v. United States* (1966), 383 U.S. 541, 547, 16 L. Ed. 2d 84, 90, 86 S. Ct. 1045, 1050.) The court held that in view of the statutory language pertaining to a " 'full investigation,' " and the great disparity in the range of possible sanctions which may be imposed upon one tried as a juvenile as opposed to as an adult, the constitutional principles of due process and right to assistance of counsel required that such a minor be accorded a hearing subject to certain procedural safeguards, including the right to be represented by counsel, before he could be tried as an adult. 383 U.S. 541, 558, 16 L. Ed. 2d 84, 95, 86 S. Ct. 1045, 1055.

The *Goldberg* court simply held that since welfare benefits are an important right and recipients of such benefits often have a " 'brutal need' " therefor, recipients of welfare benefits must be accorded a pretermination hearing before benefits may be terminated. *Goldberg v. Kelly* (1970), 397 U.S. 254, 261, 25 L. Ed. 2d 287, 295, 90 S. Ct. 1011, 1017.

Unlike the statute in *Kent*, section 2—7(6)(a) is absolute in its requirement that a minor 15 years of age or older charged with one of the listed offenses be prosecuted as a criminal, rather than under the provisions of the Juvenile Court Act. There is no decision for the court to make, and thus procedural process is not involved. (See *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697.) As in all decisions regarding the charges to make against an accused, the prosecutor has discretion. To require a hearing before that decision is made would infringe upon the prosecutorial discretion which the State's Attorney has as a prerogative of the executive branch of the government. *United States v. Bland* (D.C. Cir. 1972), 472 F.2d 1329.

The heart of this case concerns the related questions of whether section 2—7(6)(a) deprived defendant of substantive due process or equal protection. The section requires criminal prosecution for certain minors who are charged with the offenses of murder, rape, deviate

sexual assault, and armed robbery committed with a firearm. All of the above are Class X felonies. The statute does not require criminal prosecution for the Class X felonies of attempt murder (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(c)), heinous battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4.1), aggravated kidnaping for ransom (Ill. Rev. Stat. 1981, ch. 38, par. 10—2), and armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—3).

In support of his substantive due process contention defendant relies on *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029. That case concerned the validity of the penalty for the possession of a controlled substance when the penalty was greater than that for the delivery of the same substance. The supreme court noted that section 100 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100) indicated an intent to penalize more heavily those engaged in the traffic of the substances than the occasional user or petty distributor. The court concluded that the question of whether the legislation offended substantive due process depended on " '*** whether the statute [was] reasonably designed to remedy *** evils which the legislature has determined to be a threat to the public health, safety and general welfare.' " *People v. Bradley* (1980), 79 Ill. 2d 410, 417, 403 N.E.2d 1029, 1032.

Defendant maintains that equal protection is violated because there is no rational basis to distinguish between the Class X offenses listed in section 2—7(6)(a) which require criminal prosecution and the other Class X offenses previously mentioned which do not require criminal prosecution for minors. Defendant cites *Skinner v. Oklahoma* (1942), 316 U.S. 535, 86 L. Ed. 1655, 62 S. Ct. 1110, and *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.

The *Skinner* court held invalid an Oklahoma statute providing for the sterilization of recidivist felons. Violations of prohibition laws or revenue acts, embezzlement, and political offenses were not considered felonies for purposes of the statute. (*Skinner v. Oklahoma* (1942), 316 U.S. 535, 536-37, 86 L. Ed. 1655, 1657-58, 62 S. Ct. 1110, 1111.) In passing upon the defendant's equal-protection challenge to the classification of various offenses for the purpose of the applicability of the sterilization law, the court focused on the great intrinsic similarity between the crimes of larceny (considered a felony for purposes of the statute) and embezzlement. For instance a clerk who misappropriated property worth more than $20 from his employer was guilty of embezzlement, an offense not within the scope of the statute, while a person who stole the same amount of money from a stranger committed the offense of larceny, which was among the of-

fenses which could ultimately result in sterilization. Likewise, a person who simply entered a chicken coop and stole chickens could be sterilized if thrice convicted of that offense, but if the same person were a bailee of chickens who misappropriated them on three occasions, he could not be sterilized.

In *McCabe* the supreme court held that the inclusion of marijuana in the category of hard drugs, which also included cocaine, heroin, etc. (for which harsher penalties were prescribed), instead of in the category of less dangerous drugs, such as barbiturates, amphetamines, etc. (for which lesser penalties were prescribed), was arbitrary and violative of the defendant's right to equal protection of the law. The basis for the court's decision was the similarity of marijuana to drugs included in the latter category. (*People v. McCabe* (1971), 49 Ill. 2d 338, 347, 349-51, 275 N.E.2d 407, 409, 413-14.) Thus marijuana users and users of drugs included in the latter category were similarly situated, and unequal treatment of them was impermissible. Both parties provided the court with extensive data as to the characteristics of both marijuana and the other illegal drugs included in the two categories.

■ Neither any established legislative policy, nor the requirements of equal protection of the law require the same procedures be used in handling minors accused of the inchoate offense of attempt murder and those accused of the completed offenses listed in section 2—7(6)(a). There is clearly a rational basis for a distinction. Similarly, dealing differently with those accused of the obscure offense of heinous battery and those accused of the frequently occurring offenses of section 2—7(6)(a) is also justified. Heinous battery occurs when the actor, in committing a battery, "knowingly causes severe and permanent disability or disfigurement by means of a caustic substance." (Ill. Rev. Stat. 1981, ch. 38, par. 12—4.1.) Aggravated kidnaping for ransom is also an offense which is quite unlikely to have been committed by a 15- or 16-year-old. Armed violence is a catchall offense which involves all felonies committed while armed with a dangerous weapon. (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2.) Many charges of armed violence would involve offenses within the purview of section 2—7(6)(a). Neither substantive due process, nor equal protection requires that if criminal prosecution of minors is mandated for the section 2—7(6)(a) offenses, all felonies committed by minors with a dangerous weapon be similarly treated.

It is fully consistent with legislative policy that those completed offenses deemed by the legislature to be Class X felonies and which are likely to be committed frequently by those 15 or 16 years old be

dealt with more severely. There is a rational basis for so doing. Moreover, the opinions in *Skinner*, *Bradley*, and *McCabe* all emphasize that equal protection prohibits disparate treatment of offenses that are very much alike. The *Skinner* court stated "[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense," equal protection is denied. Here, although the offenses omitted from section 2—7(6)(a) coverage may be as serious as those listed therein, those omitted are not "intrinsically similar" to those listed. *Skinner v. Oklahoma* (1942), 316 U.S. 535, 541, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113.

We hold that section 2—7(6)(a) of the Juvenile Court Act, requiring certain minors to be prosecuted as criminals, does not deprive such minors of their rights to procedural and substantive due process or equal protection of the law.

We affirm the judgment appealed.

Affirmed.

MILLS, P.J., and WEBBER, J., concur.