THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYON COLLINS, Defendant-Appellant.

First District (5th Division)   No. 82—2193

Opinion filed September 7, 1984.

PINCHAM, J., specially concurring.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and Harry J. Devereux, Assistant State's Attoneys, of counsel), for the People.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Wayon Collins, appeals from a judgment entered on a jury verdict finding him guilty of two counts of murder and from a sentence of natural life imprisonment. Defendant contends that the prosecutors made prejudicial closing arguments to the jury which require a new trial. Defendant also contends in his brief that the trial court erred in concluding that a life sentence was mandatory. For the reasons which follow, we affirm the judgment of the trial court.

Defendant does not contend that the State failed to prove his guilt beyond a reasonable doubt. Accordingly, the facts related herein will be those required to address defendant's assertions of error. The prosecution's evidence included the testimony of an eyewitness, Lawrence Washington, that he saw defendant without provocation shoot two men to death in the parking lot of a Burger King restaurant. Assistant State's Attorney Francis J. Mahon, Jr., testified that he interviewed defendant at a police station. Mahon testified that he advised defendant of his rights and that defendant acknowledged his understanding thereof. Mahon testified that defendant stated that he shot both men in the parking lot after hearing what he believed to be gunshots. He stated that he did not see any guns and that he fired his shotgun after hearing one of the men say, "There he is now." The

prosecution also presented evidence that the two men, identified as Donald Johnson and Glen Johnson, died as a result of shotgun wounds. Evidence was introduced that shotgun shells recovered from the parking lot were fired from a shotgun found in defendant's residence. Defendant identified the weapon as his shotgun. His fingerprints thereon were identified by expert testimony. Defendant testified in his own behalf that he shot the two men after he heard gunshots and after one of the men said, "There he is now." The jury was instructed, *inter alia*, on self-defense, voluntary manslaughter, and murder. The parties then made closing arguments.

One of the prosecutors began closing arguments by referring to photographs of the victims taken before and after their deaths. She stated that

"this is what he [defendant] did to each one of them. These are all of the holes that he put in Glen Johnson's right chest when he shotgunned him to death that evening in the parking lot at Burger King. These are the seventeen or eighteen pellet holes that he put into that man's chest as he stood about twenty feet away from him. *** And this is what he did to Donald Johnson when he shot him in the back. Look at the holes that he put in that man's back."

No objection was made to the foregoing argument.

On rebuttal, the other prosecutor argued that "Right now, you don't have to concern yourself with sentencing. Before we get to the sentencing, you will have a lot more testimony, a lot more evidence, a lot more background." Defendant moved for a mistrial based on these remarks, which motion was denied. Defendant subsequently filed a written post-trial motion which failed to cite any prosecutorial argument as a ground for a new trial.

The jury found defendant guilty of both murders and judgment on the verdicts was entered. A bifurcated hearing pursuant to section 9—1(d)(1) of the Criminal Code of 1961 was conducted before the same jury which had determined defendant's guilt. (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(d)(1).) The jury determined that defendant was eligible for the death penalty under section 9—1(b)(3). (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b)(3).) During the second phase of the hearing, evidence in aggravation and mitigation was presented and both sides delivered arguments concerning the imposition of the death penalty. After deliberating, the jury declined to impose the death penalty. A presentence investigation was ordered and a sentencing hearing was held. At the sentencing hearing, the trial court stated that, under the Unified Code of Corrections, "the Court has no authority but to impose a

mandatory life imprisonment on this defendant," inasmuch as defendant had previously been convicted of a double murder. See Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(c).

OPINION

In his brief, defendant initially contended that the trial court erred in failing to exercise any discretion in sentencing him to life imprisonment. At oral argument, defendant withdrew this issue from our consideration in light of the recent decision in *People v. Taylor* (1984), 102 Ill. 2d 201, 205-09, 464 N.E.2d 1059. The supreme court there held that the imposition of a natural life term under section 5—8—1(a)(1)(c) of the Unified Code of Corrections was mandatory and was not constitutionally objectionable. Accordingly, we do not further consider this issue.

■ Defendant also argues that certain comments made by one of the prosecutors during the death penalty hearing were improper. Without determining the propriety of the remarks, we find that defendant suffered no prejudice as a result thereof because under the statutory scheme, he was eligible only for a sentence of death (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b)), or life imprisonment (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(c); *People v. Taylor* (1984), 102 Ill. 2d 201, 209, 464 N.E.2d 1059). Because the defendant's life imprisonment sentence was the lesser of the only two possible sentences, he was not prejudiced by any prosecutorial comments made during the sentencing hearing. See *People v. Stephens* (1973), 13 Ill. App. 3d 642, 649, 301 N.E.2d 89; also see *People v. Dixon* (1984), 122 Ill. App. 3d 141, 147, 460 N.E.2d 858.

Our analysis of defendant's remaining contention, that the prosecutors' statements require a new trial, begins with our consideration of the prosecution's argument that defendant has waived the alleged errors. The supreme court has recently reiterated the familiar principle that "the failure to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a grounds for reversal on review." (*People v. Caballero* (1984), 102 Ill. 2d 23, 31, 464 N.E.2d 223.) The supreme court observed in *Caballero* that the failure to raise an issue in the trial court

> "casts a needless burden of preparing and processing appeals upon appellate counsel for the defense, the prosecution, and upon the court of review. Without a post-trial motion limiting the consideration to errors considered significant, the appeal is open-ended. Appellate counsel may comb the record for every semblance of error and raise issues on appeal whether or not

trial counsel considered them of any importance." (102 Ill. 2d 23, 31-32.)

This statement applies directly to the instant case. The issue presented for decision was not raised in the post-trial motion.

■ The motion for new trial does contain a statement that because it was prepared without the benefit of a transcript, defendant does not "waive any point of error but includes in this Motion any and all errors which will entitle him to the relief sought." This broad statement, standing alone, does not comport with the requirement that the post-trial motion "shall specify the grounds therefor." (Ill. Rev. Stat. 1983, ch. 38, par. 116—1(c); see *People v. Lawson* (1980), 86 Ill. App. 3d 376, 397, 407 N.E.2d 899; *cf. Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 349-50, 415 N.E.2d 337 (specificity standard in civil cases).) It has also been held that a post-trial motion which contains only general allegations, as in the instant case, is insufficient to preserve matters for review and that inclusion of a statement purporting to preserve "any and all errors" does not do so. (*People v. Goble* (1976), 41 Ill. App. 3d 491, 499, 354 N.E.2d 108; *People v. Rogers* (1975), 32 Ill. App. 3d 788, 790, 336 N.E.2d 784; also see *People v. Turk* (1981), 101 Ill. App. 3d 522, 533, 428 N.E.2d 510.) In *Rogers*, the post-trial motion stated that as defendant "is not in possession of a transcript of the trial proceedings and is unable to specify error that occurred, he hereby presents any and all errors ***." The appellate court noted that "[i]f such a request truly did preserve all errors, the rationale behind post-trial motions would be destroyed." (32 Ill. App. 3d 788, 790.) The court in *Goble* followed *Rogers* and stated that such a statement is not sufficient to preserve the asserted error for review. Both cases noted that the errors should have been known to defense counsel even without a transcript. In the instant case, counsel for defendant manifested his awareness of one of the complained of remarks by moving for a mistrial on that basis, and the other remark, coming as it did at the very beginning of closing arguments, cannot have gone unnoticed. Moreover, without quoting the prosecutors' remarks, the post-trial motion could have included some mention of specific prosecutorial arguments as a basis for a new trial without consulting a transcript; this was not done, and we accordingly conclude that the issue has been waived. See *People v. Carel* (1976), 37 Ill. App. 3d 952, 954, 346 N.E.2d 186.

■ Defendant further asks this court to consider this issue under the plain error doctrine. The waiver doctrine is qualified by the plain error doctrine as embodied in Supreme Court Rule 615(a). (87 Ill. 2d R. 615(a); *People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d

233.)

> "A significant purpose of the plain error exception to the waiver doctrine is to correct any serious injustices which have been done to the defendant. It therefore becomes relevant to examine the strength or weakness of the evidence against him; if the evidence is close, there is a possibility that an innocent person may have been convicted due to some error which is obvious from the record, but not properly preserved. Thus, this court has held that where the evidence is closely balanced, a court of review may consider errors that have not properly been preserved for review." (*People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233.)

In the instant case, eyewitness testimony, circumstantial evidence, and defendant's own testimony lead inescapably to the conclusion that defendant was guilty of both murders. The evidence was not closely balanced and the alleged errors need not be noticed under the *Carlson* formulation of the plain error doctrine. See *People v. Lawson* (1980), 86 Ill. App. 3d 376, 397, 407 N.E.2d 899.

A slightly different test employed by the courts to implement the plain error doctrine is that if the alleged errors "deprived the accused of substantial means of enjoying a fair and impartial trial," the court may take notice of the errors. (*People v. Burson* (1957), 11 Ill. 2d 360, 370-71, 143 N.E.2d 239; see also *People v. Pickett* (1973), 54 Ill. 2d 280, 282-83, 296 N.E.2d 856.) In view of the overwhelming evidence of guilt introduced in the case at bar, the prosecutors' statements cannot be said to have constituted a material factor in defendant's conviction nor did they deprive him of a substantial means of enjoying a fair and impartial trial. *Cf. People v. Lloyd* (1981), 93 Ill. App. 3d 1018, 1025-27, 418 N.E.2d 131.

■ Moreover, in our view, the statements were not error. Substantial latitude is accorded attorneys in closing argument and a new trial will not be granted unless the remarks are so prejudicial as to materially contribute to a defendant's conviction. (*People v. Lloyd* (1981), 93 Ill. App. 3d 1018, 1025, 418 N.E.2d 131.) Defendant asserts error in the following argument: "This is what he [defendant] did to each of them. These are all of the holes that he put in Glen Johnson's right chest when he shotgunned him to death that evening in the parking lot at Burger King. These are the seventeen or eighteen pellet holes that he put into that man's chest as he stood about twenty feet away from him. *** And this is what he did to Donald Johnson when he shot him in the back. Look at the holes that he put in that man's back." The prosecutor is entitled to comment on the deceased

and the nature of the killing when such is supported by the record, and an argument based on properly admitted photographs is permissible. (*People v. Eckles* (1980), 83 Ill. App. 3d 292, 301, 404 N.E.2d 358.) We perceive no error in the above comments.

■ Defendant also complains of the prosecutor's statement that prior to the sentencing phase of the proceedings, "you will have a lot more testimony, a lot more evidence, a lot more background." In light of the bifurcated nature of these proceedings (see Ill. Rev. Stat. 1983, ch. 38, par. 9—1(d)), the prosecutor's argument was not improper.

For all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN, J., concurs.

JUSTICE PINCHAM, specially concurring:

I concur that the prosecutorial arguments of which the defendant complains were not improper or inflammatory under the facts and circumstances of this case. For this reason, in my opinion, the waiver and plain error issues are unnecessarily decided.