662 S.E.2d 458

**Theresa H. CAMP and William James Camp, Respondents,**

v.

**James Scott CAMP, Appellant.**

No. 4383.

Court of Appeals of South Carolina.

Heard March 6, 2008.

Decided May 2, 2008.

Rehearing Denied June 26, 2008.

G. Waring Parker, of Summerville, for Appellant.

William E. Hopkins, Jr., of Columbia, for Respondents.

CURETON, A.J.

In this domestic action, James Scott Camp (Father) appeals the family court's order requiring him to pay a pro rata share of the college expenses for William James Camp (William), a pro rata share of Theresa H. Camp's (Mother's) Federal Parent Loan (PLUS), and $4,000 in attorney's fees. We find this appeal is untimely and, therefore, dismiss.

## FACTS

Father and Mother are the parents of William, who was born September 22, 1987. Father and Mother divorced in 2003. Father earns $98,000 per year as a pharmacist, and Mother earns $40,000 per year as a paralegal. William earns approximately $13,000 per year.[1]

In 2005, William began attending the University of South Carolina. William received a Life scholarship in the amount of $5,000 per year, which is renewable annually if he maintains a grade-point average of 3.0 or better. To pay the remaining college tuition and expenses, William received an unsubsidized Stafford Loan in the amount of $2,625, which is renewable annually in the amounts of $3,500 the second year and $5,500 the third and fourth years. Mother and William obtained a Palmetto Assistance Loan in the amount of $5,000, which is not renewable. In addition, Mother obtained a PLUS loan in the amount of $3,175, which is not renewable. William completed his freshman year of college with a grade point average above 3.0.

William's yearly college expenses total $18,254, including "tuition, fees, books, meal plan, meals outside of plan, housing,

---

1. William's 2005 W–2 statement indicates his gross earnings were $5,746 for that year. However, William testified he works forty hours per week during the summer and approximately thirty hours per week during the school year at a rate of $8.50 per hour. Assuming twelve weeks of full-time summer work and thirty-six weeks of part-time school-year work, William's gross income is approximately $13,260 per year.

supplies, incidental expenses, and other associated or related expenses such as transportation, auto insurance, health insurance, gas and parking." Father stated he would have calculated William's expenses differently, but he accepted the family court's calculation of William's expenses. In addition to these expenses, in 2005, William used $4,000 of his earnings to purchase a replacement used car to drive to school and work.

The divorce decree did not address the issue of the parties' financial responsibilities for William's college education. William is over the age of eighteen and therefore no longer a "child" under South Carolina law. S.C.Code Ann. § 20-7-30(1) (1985). Although Mother and William contacted Father seeking assistance with funding for William's education, Father paid only $230 and declined to help further. Mother and William filed suit seeking financial contributions from Father toward William's college education, and attorney's fees. On July 26, 2006, the family court ordered Father to pay seventy percent of "the difference between the total of [William's] education, including incidental expenses, and the loans, grants and scholarships"; seventy percent of the amount of Mother's PLUS loan; and $4,000 in attorney's fees.

On August 11, 2006, Father filed a motion for reconsideration that read, in its entirety:

PLEASE be advised that the Defendant through his undersigned attorney, will move before the Honorable David Sawyer, Jr., to reconsider the ruling in his Order dated July 26, 2006, in awarding [William's] college expenses and costs.

This motion hearing is set to be heard on the 18th day of October, 2006, at 3:45 o'clock, p.m.

Please be present to defend if so minded.

Mother and William filed a response memorandum to this motion on October 16, 2006. Father, in turn, faxed a memorandum in support of his motion to Mother and William's counsel on October 17, 2006. Father filed his memorandum on October 18, 2006, approximately two hours before the hearing. The family court heard and denied Father's motion for reconsideration on October 18, 2006. This appeal followed.

**LAW/ANALYSIS**

■ This appeal raises the novel question of whether a motion for reconsideration that is insufficient under Rule 7(b)(1), SCRCP, stays the time for appeal. We believe it does not. Consequently, Father's appeal is untimely.

A motion presented in writing "shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion." Rule 7(b)(1), SCRCP. "A motion to alter or amend the judgment shall be served not later than [ten] days after receipt of written notice of the entry of the order." Rule 59(e), SCRCP. Within ten days of filing a motion under Rule 59, the movant shall provide a copy of the motion to the judge. Rule 59(g), SCRCP.

■ A party wishing to appeal an order of the family court must serve a notice of appeal on all respondents "within thirty (30) days after receipt of written notice of entry of the order or judgment." Rule 203(b)(1) and (3), SCACR. A timely Rule 59(e) motion to alter or amend judgment stays the time for appeal until the appellant receives "written notice of entry of the order granting or denying such motion." Rule 203(b)(1), SCACR; Rule 59(f), SCRCP. An untimely notice of appeal shall be dismissed. Rule 203(d)(3), SCACR. The clerk shall dismiss the appeal of a party who fails to comply with the Rules, and the case "shall not be reinstated except by leave of the court, upon good cause shown, after notice to all parties." Rule 231, SCACR. Timeliness of an appeal is a jurisdictional matter. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 17, 602 S.E.2d 772, 776 (2004). An appellant's failure to comply with the procedural rules for appeal deprives the court of appellate jurisdiction but not of subject matter jurisdiction. *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004).

The question whether a motion to reconsider, alter, or amend judgment under Rule 59(e) that is insufficient under Rule 7(b)(1), SCRCP, stays the time for appeal is novel in South Carolina. However, the federal courts may guide us on this issue.[2] Rule 7(b)(1) is substantially similar to its federal

---

2. Both federal courts and other state courts have contemplated this issue and other related issues. *See Allender v. Raytheon Aircraft Co.,*

counterpart, Rule 7(b)(1), FRCP. Rule 59(e), SCRCP, is identical to its federal counterpart, Rule 59(e), FRCP.

The United States Court of Appeals for the Seventh Circuit addressed this precise question as it relates to appeals under the Federal Rules in *Martinez v. Trainor,* 556 F.2d 818 (7th Cir.1977). There, the defendant filed a timely motion under Rule 59(e), FRCP. *Id.* at 819. The motion requested the district court to " 'alter, amend, or vacate' " its prior judgment. One week later, the defendant moved for leave to file a memorandum supporting the motion. Plaintiff objected. The district court accepted defendant's memorandum nonetheless and subsequently denied defendant's Rule 59(e) motion. When defendant later appealed the ruling, the plaintiff moved to dismiss the appeal as untimely. *Id.* The appellate court found the abbreviated motion complied with Rule 7(b)(1), FRCP, by adequately identifying the "relief or order sought." However, it failed to satisfy the additional requirement of stating "with particularity the grounds therefor." *Id.* at 820; Rule 7(b)(1), FRCP. According to the appellate court, the language at issue "failed to state even one ground for granting the motion." 556 F.2d at 819. The defendant argued in the alternative the memorandum he filed a week after the motion amended the motion itself. The appellate court declined to permit what would, in effect, be an extension of time under Rule 6(b), FRCP,[3] stating "if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated." *Id.*

The instant case, in its essentials, is analogous to *Martinez.* Following the family court's adverse ruling, Father filed a motion under Rule 59(e), SCRCP. Though timely, Father's

---

439 F.3d 1236, 1238 (10th Cir.2006) (insufficient post-trial motion under Rule 59(e), FRCP, did not toll time to appeal in spite of circuit court's improper extension of time to file supporting memorandum); *People v. Collins,* 127 Ill.App.3d 236, 240, 82 Ill.Dec. 563, 468 N.E.2d 1343, 1346 (1984) (insufficiently specific post-trial motion did not preserve issues for review); *N.C. Alliance for Transp. Reform v. N.C. Dep't of Transp.,* 645 S.E.2d 105, 108–09 (N.C.App.2007) (appeal of final order was untimely where insufficient post-trial motion under Rule 59(e), N.C.G.S. § 1A–1, did not toll time to appeal, and only issues ruled upon in the post-trial motion were preserved).

3. Rule 6(b), FRCP, is also substantially the same as Rule 6(b), SCRCP.

motion failed to comply with Rule 7(b)(1), SCRCP. Whereas the motion in *Martinez* failed only the particularity requirement of the federal rule, Father's motion satisfied neither the particularity nor the relief-sought requirement of the South Carolina rule. Father neither identified an error of law by the family court nor stated a single ground on which the family court might grant him relief, thus failing the particularity requirement. Furthermore, in requesting only that the family court "reconsider [its] ruling," Father failed to identify the relief he sought through his motion. Mother and William objected to the insufficiency of Father's motion in their response memorandum, and, as in *Martinez*, Father later filed a memorandum purporting to elaborate on his motion.[4] Like the *Martinez* trial court, the family court accepted the late memorandum and eventually denied the motion, and the movant appealed.

Our ruling that an insufficient motion under Rule 59(e), SCRCP, does not stay the time for appeal comports with federal law on point as well as with prior South Carolina decisions on a closely related issue. In *Elam*, our supreme court traced the history of judicial treatment of successive Rule 59(e) motions. 361 S.C. at 15, 602 S.E.2d at 775. *Elam* confirmed successive post-trial motions that raise no new issues do not stay the time for appeal and noted this ruling reflected the "prevailing view among federal courts." *Id.* at 18, 602 S.E.2d at 777. The purposes of insufficient and successive post-trial motions appear to be the same: both attempt to buy time without asserting a meritorious claim. These tactics further neither justice nor efficiency, and we cannot facilitate their use.

---

4. One notable difference between *Martinez* and this case is the timing of the objections to the Rule 59(e) motions and memoranda. In *Martinez*, the defendant moved for leave to file his memorandum at the hearing on his motion, which occurred before his initial appeal period expired. *Id.* at 819. Plaintiff also objected during that period, thereby placing defendant on notice that his motion was insufficient. *Id.* Here, Father's hearing date was set well beyond the initial appeal period. As a result, Mother and William's objection, and Father's subsequent memorandum supporting his motion, were all filed after the initial appeal period had expired. However, we do not believe this difference renders *Martinez* distinguishable.

Our rules clearly state the requirements for motions and for appeals. Permitting a post-trial motion that identifies neither the grounds on which it relies nor the relief sought to stay the time for appeal under Rule 59(e), SCRCP, would undermine our procedural rules. Moreover, it would encourage parties to file baseless post-trial motions with the expectation of "filling in the blanks" at a later date. Consequently, we find Father's appeal is untimely, and we dismiss.

## CONCLUSION

We find Father's Rule 59(e) motion for reconsideration was insufficient and failed to stay the time for appeal. Consequently, Father's appeal was untimely, and we do not have jurisdiction to hear this appeal. Accordingly, Father's appeal is

**DISMISSED.**

HEARN, C.J., and PIEPER, J., concur.