THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Margaret Tavish
 Halsey Brinton, Appellant,
 v.
 The Estate of
 Ashley Halsey, Jr., Respondent.
 
 
 

Appeal From Lexington County
  James W. Johnson, Jr., Circuit Court
Judge

Unpublished Opinion No.  2008-UP-605
 Submitted November 3, 2008  Filed
November 6, 2008

AFFIRMED

 
 
 
 James Ross Snell, Jr. and Richard J. Breibart, both of Lexington, for Appellant.
 Mark D. Bower, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Margaret
 Tavish Halsey Brinton filed a claim against the estate of Ashley Halsey, Jr. (the Estate), requesting reimbursement for storing a
 mobile home owned by the Estate.       Following a hearing, the probate court issued an
 order denying Brintons claim and modifying and approving final settlement of
 the Estate.  Brinton appealed to the circuit court, and the circuit court
 affirmed.  This appeal followed.  We
 affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1.       As
 to the question whether the circuit court erred in affirming the probate
 courts finding that Brintons claim against the Estate was untimely: Camp
 v. Camp, 378 S.C. 237, 240, 662
 S.E.2d 458, 459-460 (Ct. App. 2008) (stating a motion to reconsider,
 alter, or amend judgment under Rule 59(e), SCRCP, that fails to specifically
 set forth the grounds for the motion is insufficient under Rule 7(b)(1),
 SCRCP); Jones v. State Farm Mut. Auto. Ins. Co., 364 S.C. 222, 235, 612
 S.E.2d 719, 726 (Ct. App. 2005) (holding an issue is not preserved for
 appellate review where the trial court does not explicitly rule on it and the
 appellant does not raise it in a Rule 59(e) motion to alter or amend the judgment); In re
 Timmerman, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (The
 South Carolina Rules of Civil Procedure are applicable in the probate court to
 the extent they are not inconsistent with the Probate Code or probate court
 rules. S.C. Code Ann. § 62-1-304 (1987); Rule 81, SCRCP. A motion to alter or
 amend a judgment pursuant to Rule 59(e),
 SCRCP, is not inconsistent with the Probate Code and is therefore applicable.).
2.       As to
 the question whether the circuit court erred in affirming the probate courts
 approval of the sale of the mobile home for approximately $7,000, the
 distribution of the antique firearms, and the personal representatives fees: Rule 7(b)(1), SCRCP (stating a motion presented in
 writing shall state with particularity the grounds therefor, and shall set
 forth the relief or order sought); Owners Ins. Co. v. Clayton, 364 S.C.
 555, 563, 614 S.E.2d 611, 615 (2005) (Error without prejudice does not warrant reversal.); Camp v. Camp, 378
 S.C. 237, 240, 662 S.E.2d 458, 459-460 (Ct. App. 2008) (stating a motion
 to reconsider, alter, or amend judgment under Rule 59(e), SCRCP, that fails to
 specifically set forth the grounds for the motion is insufficient under Rule
 7(b)(1), SCRCP); Jones v. State Farm Mut. Auto. Ins. Co., 364 S.C. 222,
 235, 612 S.E.2d 719, 726 (Ct. App. 2005) (holding an issue is not preserved for
 appellate review where the trial court does not explicitly rule on it and the
 appellant does not raise it in a Rule 59(e)
 motion to alter or amend the judgment).    
3.    As to the question whether the transcript of the probate
 court hearing was sufficient to allow proper review of the issues raised in
 this appeal: State v. Ladson, 373 S.C. 320, 324-25, 644 S.E.2d 271, 273 (Ct.
 App. 2007) (holding generally the inability to prepare a complete transcript,
 in and of itself, does not necessarily present a sufficient ground for reversal); see also State v. Williams, 629 A.2d 402, 406 (Conn. 1993)
 (holding appellant must show specific prejudice that results from having to
 address his claims on appeal with the reconstructed record); Harris v. Commr of Corr., 671 A.2d
 359, 363 (Conn. App. 1996). ([B]efore a defendant can establish that he is
 entitled to a new trial on the basis of an inadequate reconstructed record, he must identify a specific appellate claim
 that this court would be unable to review effectively using the reconstructed record.); Jones v. State, 923 So.2d 486, 489
 (Fla. 2006) (noting appellant must point to prejudice
 resulting from missing portions of trial transcript); Simpson v.
 Commonwealth, 759 S.W.2d 224, 228 (Ky. 1988) (holding a showing of
 prejudicial error in having to proceed using substitute transcript is
 required); State v. Bolling, 246 S.E.2d 631, 637-638 (W.Va. 1978)
 (Generally, the failure to report some part of the proceeding will not alone
 constitute reversible error.  Some identifiable error or prejudice must be
 shown by the defendant.). 
AFFIRMED.

HEARN,
C.J., SHORT and KONDUROS, JJ.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.