518 S.E.2d 56

**COWARD HUND CONSTRUCTION CO., INC., Appellant,**

v.

**BALL CORP. and Carolina Glass Contractors, Inc., Respondents.**

**No. 2989.**

Court of Appeals of South Carolina.

Heard April 14, 1999.
Decided May 10, 1999.
Rehearing Denied Sept. 11, 1999.

Robert T. Lyles, Jr., of Ogletree, Deakins, Nash, Smoak & Stewart, of Charleston, for appellant.

Stephen P. Groves, Sr., Duke R. Highfield and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, of Charleston; and S. Markey Stubbs, of Baker, Barwick, Ravenel & Bender, of Columbia, for respondents.

GOOLSBY, Judge:

Coward Hund Construction Co., Inc., appeals the grant of summary judgment to Ball Corp. and Carolina Glass Contractors, Inc. We dismiss the appeal.

## FACTS

Coward Hund sued Ball and Carolina Glass alleging claims for negligence, breach of express and implied warranties, breach of contract, and indemnification arising from allegedly defective building repairs. Subsequently, Carolina Glass moved to dismiss the action, and Ball Corp. moved for summary judgment. Carolina Glass's motion to dismiss was apparently converted to a summary judgment motion without objection from Coward Hund. The trial court heard oral argument on both summary judgment motions from all parties to the action.

On April 17, 1997, orders were filed granting summary judgment to both defendants. The orders were served on Coward Hund's attorney April 22, 1997. Coward Hund filed a motion for reconsideration dated April 30, 1997. The trial court heard oral argument on the motion June 13, 1997, and issued an order denying the motion on June 20, 1997. Coward Hund received that order July 10, 1997.

Coward Hund filed a second motion for reconsideration "seek[ing] clarification of the issue raised before the trial court on two occasions regarding Plaintiff's indemnity claim against Defendants." After a telephone conference, the trial court issued a supplemental order on July 28, 1997, stating, "the court granted summary judgment to Defendants Carolina Glass and Ball Corp. without the court referencing any prejudice regarding Coward Hund's indemnity claims, if any." Coward Hund received this order August 4 or August 5, 1997, and served its notice of appeal September 2, 1997.

## DISCUSSION

Rule 203(b)(1), SCACR, requires that the notice of appeal be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment. The rule further provides, however, that "[w]hen a *timely* ... motion to

alter or amend the judgment (Rules 52 and 59, SCRCP) . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion." (emphasis added). A motion under Rule 59(e) is timely if it is "served not later than 10 days after receipt of written notice of the entry of the order." If a timely motion is made pursuant to Rule 59, the time for appeal runs from the receipt of written notice of entry of the order disposing of the motion. Rule 59(f), SCRCP. *See Otten v. Otten*, 287 S.C. 166, 167, 337 S.E.2d 207, 208 (1985) (stating that when a party makes a motion for reconsideration, "the time for appeal from the judgment begins to run from the time of the order granting or denying the motion").

Here, there is no dispute that Coward Hund served its notice of appeal within 30 days after receiving the supplemental order pursuant to its second motion for reconsideration, but more than 30 days after receiving the order denying its first motion. The question before us, then, is whether Coward Hund's second Rule 59 motion stayed the time for filing its notice of appeal. Because there are no South Carolina cases directly on point, we must look to the construction placed on the corresponding federal rules of civil procedure. *Gardner v. Newsome Chevrolet–Buick, Inc.*, 304 S.C. 328, 404 S.E.2d 200 (1991).

We agree with Ball Corp. that the prevailing rule in the federal courts is that a second motion for reconsideration is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration. In such a case, a new judgment has replaced the previous judgment and the party aggrieved by the alteration may move for reconsideration. *See* 12 James W. Moore et al., *Moore's Federal Practice* ¶ 59.37 at 59–123 (3d ed. 1999) ("When a court alters a judgment, the party aggrieved by the alteration may ask for correction."). If, on the other hand, the trial court denies such a motion, the finality of the judgment is restored and the appeal time begins to run from the date the order is entered. *Id.* ¶ 59.36 at 59–123.

In the case before us the trial court denied Coward Hund's first motion for reconsideration. The finality of the summary judgment orders, then, was restored, and Coward Hund's time

for filing its notice of appeal began to run upon its receipt of the order denying the motion.

Coward Hund asserts on reply that its second motion was timely in that that motion sought clarification of the trial court's first order on its initial Rule 59 motion. Coward Hund further argues that because the trial court did not rule on whether its indemnity claims were time-barred, it had no choice but to file the second motion to request an express ruling on the matter in order to preserve it for appeal. We disagree.

"The purpose of Rule 59(e), SCRCP, to alter or amend the judgment[,] is to request the trial judge to 'reconsider matters properly encompassed in a decision on the merits.'" *Arnold v. State*, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992) (quoting *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). As one authority has noted, "Once the issue has been properly raised by a Rule 59(e) motion, it appears that it is preserved and a second motion is not required if the trial court does not specifically rule on the issue so raised." James F. Flanagan, *South Carolina Civil Procedure* 475 (2d ed. 1996).

We realize the second motion in this case was not merely a successive request to revisit an issue that had already been adjudicated in the first motion; nevertheless, the motion did not stay the time for Coward Hund to file its notice of appeal. First, Coward Hund is not challenging a new ruling in its second motion. *See Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 60, 427 S.E.2d 673, 675 (1993) (stating that although the appellant learned for the first time upon receiving the order on a post-trial motion that the respondent would be granted certain additional relief, the appellant must move under Rule 59(e), SCRCP, to alter or amend the judgment to "preserve the record for appeal").

Second, we find this case distinguishable from *Payton v. Kearse*, 319 S.C. 188, 460 S.E.2d 220 (Ct.App.1995), *rev'd on other grounds*, 329 S.C. 51, 495 S.E.2d 205 (1998). In *Payton*, this court declined to reach the issue of whether a juror's failure to make certain disclosures tainted the proceedings, noting that the trial court failed to mention or rule on this issue in its order denying the appellant's post-trial motions

and that the appellant did not request a ruling on the issue through a subsequent Rule 59(e) motion. Unlike the issue of indemnification in the present case, however, the issue of the juror's failure to respond truthfully to the pertinent voir dire questions did not come before the trial court until after the trial. It was at that time, then, that the trial court had its first opportunity to pass on the issue and failed to do so.

Finally, we find *Brown v. United Ins. Co. of Am.*, 807 F.2d 1239 (5th Cir.1987) is persuasive in the resolution of this matter. In *Brown* the appellant, United Insurance, filed a successful motion for clarification of the judgment after the trial court had denied its timely post-trial motions. On the same day the motion for clarification was filed, however, United Insurance also filed a timely notice of appeal. Brown moved to dismiss the appeal, arguing the notice of the appeal was rendered ineffective under Fed.R.App.P. 4(a)(4) by the pendency of the undisposed motion for clarification. In denying the motion to dismiss, the Fifth Circuit Court of Appeals stated that the motion for clarification, "even if it be considered as substantively a motion to alter or amend the judgment under Rule 59(e), was not timely." *Id.* at 1242. The court further reasoned that the motion "must be treated as [a motion] under Fed.R.Civ.P. 60(b) for purposes of Rule 4(a)(4)." *Id.* Because "Rule 60(b) motions are not among the motions referenced in the [pertinent section] of Rule 4(a)(4), and Rule 4(a)(4) does not vitiate a notice of appeal filed while a pending Rule 60(b) motion remains undisposed of," the court held the motion for clarification did not nullify either the notice of appeal or the jurisdiction of the appellate court. *Id.* at 1242–43.

Similarly, we hold that whether or not Coward Hund needed to file a second post-trial motion to preserve its indemnification claim for either appeal or future litigation, that motion is more appropriately treated as a motion under Rule 60, SCRCP, and did not toll the time for the filing and service of its notice of appeal. *See Otten* at 167, 337 S.E.2d at 208 (stating a motion made under Rule 60(a), SCRCP, does not toll the running of the time for appeal); 12 James W. Moore et al., *Moore's Federal Practice* ¶ 59.11[4][b] at 59–38 (3d ed. 1999) ("Unlike timely Rule 59 motions, Rule 60 motions do not have any tolling effect on the right to appeal from the chal-

lenged judgment. Therefore, the time to appeal continues to run from the entry of the judgment that the Rule 60(b) motion challenges.").

**APPEAL DISMISSED.**

HOWELL, C.J., and CONNOR, J., concur.