562 S.E.2d 615

**QUALITY TRAILER PRODUCTS, INC., Respondent,**

v.

**CSL EQUIPMENT COMPANY, INC. and I Corp., Defendants,**

**of which I Corp. is Appellant.**

**No. 25435.**

Supreme Court of South Carolina.

Heard Feb. 20, 2002.

Decided April 1, 2002.

Rehearing Denied May 16, 2002.

Charles E. Carpenter, Jr., S. Elizabeth Brosnan, and Alexander H. Twedt, of Richardson, Plowden, Carpenter & Robinson, P.A., of Columbia, for appellant.

W. Mark White and W. Chaplin Spencer, Jr., of Spencer & Spencer, P.A., of Rock Hill, for respondent.

James B. Richardson, Jr., of Richardson & Birdsong, of Columbia, for Amicus Curiae, Pro se.

PER CURIAM.

Appellant I Corp. appeals the trial court's denial of its motion for judgment notwithstanding the verdict ("JNOV") and its motion for new trial following a jury verdict for Respondent Quality Trailer Products, Inc. ("QTP"). We dismiss the appeal as untimely.

## FACTS

QTP brought suit against CSL Equipment Company, Inc. ("CSL") and I Corp. QTP asserted causes of action against I Corp. for breach of the South Carolina Bulk Transfers Act ("The Act"),[1] promissory estoppel, and successor liability. The trial court granted I Corp.'s motion for directed verdict on QTP's claim arising under the Act, and submitted the other two theories to the jury. In its general verdict, the jury found I Corp. liable to QTP. In addition, the trial court awarded QTP prejudgment interest.

Following the jury verdict, I Corp. made timely post trial motions for JNOV, and for a new trial (collectively, "first motion"). By order dated December 20, 1999, and filed December 21, 1999, the trial court denied the first motion.

On December 30, 1999, I Corp. filed a motion captioned as a motion to "Alter, Amend or Reconsider Judgment and Findings Denying Defendant's Motion for Judgment Notwithstanding the Verdict and Motion for New Trial" ("second motion"). The caption of the second motion indicated it was made pursuant to "S.C.R.Civ.P. 52, 59, and 60." In fact, the second motion was almost a duplicate of the first motion. The only changes I Corp. made were to caption the second motion differently, and to change the relief sought to coincide with the second motion's caption. The trial court recognized that the second motion was, in substance, identical to the first motion, and by order dated February 16, 2000, and filed February 21, 2000, denied the second motion. I Corp. filed its notice of appeal on March 17, 2000.

---

1. S.C.Code Ann. §§ 36–6–101 through 111 (1976). The legislature repealed the Act *in toto* effective July 1, 2001.

## ISSUE

Did I Corp.'s second motion toll the time period for filing an appeal?

## ANALYSIS

Rule 203(b)(1), SCACR, provides that a notice of appeal from a judgment of the Court of Common Pleas

shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment. When a timely motion for judgment n.o.v. (Rule 50, SCRCP), motion to alter or amend the judgment (Rules 52 and 59, SCRCP), or a motion for a new trial (Rule 59, SCRCP) has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion.

In *Coward Hund Const. Co., Inc. v. Ball Corp.*, 336 S.C. 1, 518 S.E.2d 56 (Ct.App.1999), the Court of Appeals held that a successive Rule 59(e), SCRCP, motion, following the denial of a similar motion, did not toll the time for filing appeal, where the court's ruling on the first such motion did not change its ruling at trial. The Court of Appeals noted that Coward Hund did not challenge any new ruling in its second Rule 59 motion. The Court of Appeals agreed with the prevailing federal rule that "a second motion for reconsideration is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration." *Coward Hund Const. Co., Inc.*, at 3, 518 S.E.2d at 58.

█ Here, the question is whether the filing of a successive motion, raising issues already raised to and ruled upon by the trial judge, stays the time to appeal. We hold that it does not.

█ Although the caption identifies Rule 52, SCRCP, as one basis for the motion, that rule simply does not apply here. Rule 52, SCRCP, provides that:

In all actions tried upon the facts *without a jury or with an advisory jury*, the court shall find the facts specially and state separately its conclusions of law thereon.... Findings

of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or *any other motion except as provided in Rule 41(b).*

(Emphasis supplied). Rule 41(b), SCRCP, does not apply to this case.[2] Since this was an action tried by a jury, Rule 52, SCRCP, does not apply.

 Despite its caption, I Corp.'s second motion was not a Rule 59(e), SCRCP, motion. The motion did not ask the trial court to rule on an issue presented but not ruled upon in any previous motion. In its order denying the second motion, the trial court remarked that "the [second] Motion is an exact compilation of the prior motion for judgment notwithstanding the verdict and motion for new trial with a few procedural alterations. In sum, the Motion seeks the reversal of the Order, but provides no additional assertion of fact or argument of law." We agree with the trial court's interpretation of the second motion.

Notwithstanding its caption, the second motion did not ask for relief available pursuant to Rule 60, SCRCP. Rule 60 allows a motion for relief from the judgment based on a number of specific grounds, including clerical mistake, other mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. The second motion raised none of these grounds.

 We agree with the rationale of *Coward Hund* and hold that **successive** new trial motions or motions for JNOV do not toll the time for serving notice of appeal. The time for filing appeal is not extended by submitting the same motion under a different caption.[3] *See Mickle v. Blackmon,* 255 S.C. 136, 140,

---

2. Rule 41(b), SCRCP, applies to cases tried without a jury. The rule requires the judge, as trier of fact, to make specific findings as provided in Rule 52(a), SCRCP, where the judge renders judgment on the merits against the plaintiff.

3. We do not intend to suggest that I Corp.'s initial JNOV and new trial motions were not proper or did not toll the time for serving the notice of appeal. Clearly they did. *See* Rule 203(b)(1), SCACR. However, the issue is whether the time for serving notice of appeal is tolled by subsequently filing the same motion under a different caption.

177 S.E.2d 548, 549 (1970) (treating motion based on its "substance and effect" rather than how it is captioned by movant). *See also Sears v. Sears,* 85 Ill.2d 253, 52 Ill.Dec. 608, 422 N.E.2d 610 (1981) (a successive motion that was little more than a slightly lengthened redraft of the first motion was improper and did not extend the time for filing appeal); *Boughton v. McAllister,* 576 N.W.2d 94 (Iowa 1998) (a party should not be allowed to extend the time for appeal indefinitely by filing successive motions that address the same issue).

I Corp. argues on appeal that the second motion was required to preserve issues raised, but not ruled upon, in the trial court's order denying JNOV and new trial. The second motion did not, however, identify a single issue raised but not ruled upon—it merely recites, verbatim, the arguments made in the earlier motions. The trial court's denial of the JNOV and new trial motions was a ruling on all issues raised, and preserved for appellate review all issues raised therein.

## CONCLUSION

We find that I Corp.'s second motion literally recites the arguments previously raised and previously ruled upon by the trial court in I Corp.'s first motion. The second motion was not, despite its caption, an appropriate Rule 59(e) motion. It was simply a successive motion for JNOV and new trial, and thus did not toll the time for serving the notice of appeal. I Corp. did not serve its notice of intent to appeal within the time prescribed in Rule 203, SCACR. We therefore dismiss the appeal as untimely. *See Mears v. Mears,* 287 S.C. 168, 337 S.E.2d 206 (1985) (timely service of the notice of intent to appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the notice of intent to appeal must be served).

MOORE, A.C.J., WALLER, BURNETT and PLEICONES, JJ., and Acting Justice GEORGE T. GREGORY, JR., concur.