619 S.E.2d 425

**Maria E. ROBINSON, Respondent,**

v.

**Ronald P. ROBINSON, Petitioner.**

**No. 26023.**

Supreme Court of South Carolina.

Submitted May 18, 2005.

Decided Aug. 15, 2005.

---

J. Mark Taylor, of Moore Taylor & Thomas, of West Columbia, for Petitioner.

C. Dixon Lee, III, of McLaren & Lee, of Columbia, for Respondent.

Chief Justice TOAL:

We granted certiorari to review the court of appeals' decision to dismiss an appeal as untimely. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Ronald (Husband) and Maria (Wife) Robinson were granted a divorce on March 24, 2003. On April 2, 2003, the family court ordered Husband to pay Wife's attorney's fees, costs, and other expenses. The court found that $300 per hour was a "fair and reasonable" attorney's fee and calculated the award accordingly.

Husband filed a post-trial motion to alter or amend, contending, among other things, that the attorney's fee award was "excessive." After a hearing, the court affirmed its calculation of fees at a rate of $300 per hour. In the order, filed June 20, 2003, the court explained its ruling as follows:

[t]he Court also finds it appropriate to address Defendant/Husband's argument that the attorney's fees awarded to Plaintiff/Wife should be calculated at a rate of $250.00 per hour rather than $300.00 per hour allowed by the Court. At one point, the Affidavit of Plaintiff/Wife's counsel refers to a rate of $250.00 per hour. This is a scrivener's error in that Affidavit. The . . . correct rate is $300.00 per hour for attorney time. . . .

On June 27, 2003, Husband filed a second post-trial motion to alter or amend, requesting that the court delete the above-quoted paragraph from the June 20 order. By order dated August 5, 2003, the court denied the motion, finding that the paragraph explained the basis for denying the first post-trial motion.

On August 19, 2003, Husband filed a notice of appeal. In response, Wife filed a motion to dismiss on the ground that the notice of appeal was not timely served. The court of appeals granted Wife's motion to dismiss. Husband petitioned for review, and the court of appeals affirmed.

This Court granted certiorari to review the following issue:

Did the court of appeals err in dismissing Husband's appeal as untimely?

## LAW/ANALYSIS

■ Husband contends that the filing of a second post-trial motion tolled the time period for filing a notice of appeal, and therefore the court of appeals erred in dismissing his appeal as untimely. We disagree.

■ The filing of successive post-trial motions raising issues already raised to and ruled upon by the trial court does not toll the time to serve a notice of appeal. *Quality Trailer Products, Inc. v. CSL Equip. Co., Inc.,* 349 S.C. 216, 219, 562 S.E.2d 615, 617 (2002). A second motion "is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion. . . ." *Coward Hund Constr. Co. v. Ball Corp.,* 336 S.C. 1, 3, 518 S.E.2d 56, 58 (Ct.App.1999). These general principles were recently affirmed in *Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 20, 602 S.E.2d 772, 778 (2004).

In the present case, Husband filed two successive post-trial motions. In the first motion, Husband contended, among other things, that the award of attorney's fees was excessive. At the hearing on this motion, Husband apparently argued that attorney's fees should have been calculated at a rate of $250 per hour instead of $300 per hour.[1] The court rejected this argument and found that an affidavit submitted by Wife's attorney referring to a rate of $250 per hour constituted a scrivener's error, and therefore the rate of $300 per hour was correct. As a result, the court affirmed the award of fees in the original judgment.

---

1. The transcript from the hearing is not part of the record. But the court references this argument in both the June 20 and August 5 orders.

In response to this ruling, Husband filed a second motion to alter or amend, this time requesting that the court delete the entire paragraph concerning attorney's fees and the scrivener's error. Husband did not state any grounds for this request. The court denied the motion.

First, Husband contends that the ruling on the first motion substantively altered the court's original judgment, and therefore the second motion tolled the period for filing a notice of appeal. We disagree. The court's ruling on the first motion affirmed the award of attorney's fees at a rate of $300 per hour. Because the award of attorney's fees was affirmed, and nothing from the original judgment was altered, the second motion, asking the court to delete the paragraph concerning the issue of attorney's fees, was not appropriate. *See Coward Hund,* 336 S.C. at 3, 518 S.E.2d at 58 (holding that a second motion "is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion . . . ."). Therefore, the second post-trial motion did not toll the time for appeal.

Second, Husband contends that the second post-trial motion was based on different grounds than his first post-trial motion. We disagree. In the first motion, Husband asked the court to review the entire order on attorney's fees, arguing that the fees were excessive. In the second motion, Husband requested, without explanation, that the entire paragraph regarding fees be deleted from the June 20 order. We can only presume that this attempt to delete the court's ruling on attorney's fees was another attempt to raise the issue regarding attorney's fees. Therefore, because the second motion did not articulate *any* grounds—much less different grounds—we disagree with Husband's argument that the second motion was based on different grounds than the first motion. As a result, we find that the second motion did not toll the time to file an appeal. *See Quality Trailer,* 349 S.C. at 219, 562 S.E.2d at 617 (holding that the filing of successive post-trial motions raising issues already raised to and ruled upon by the trial court does not toll the time to serve a notice of appeal).

Finally, Husband contends that the second motion was necessary to preserve for review his challenge to the award of attorney's fees premised on a finding of a scrivener's error.

But Husband did not raise the scrivener's error issue in his second motion. In fact, he did not raise any new issues. Therefore, the second motion was not necessary to preserve the issue for appeal.

Accordingly, we hold that the court of appeals properly dismissed Husband's appeal as untimely. On March 24, 2003, the divorce decree was filed. On April 2, a supplemental order requiring Husband to pay attorney's fees was filed. On April 17, Husband filed a post-trial motion to alter or amend. On June 20, the court denied the motion. On July 8, Husband filed a second post-trial motion to alter or amend. On August 5, this motion was denied. Because we find that the second post-trial motion did not toll the time for appeal, Husband's notice of appeal—filed on August 19, approximately two months after the June 20 order—was untimely. *See* Rule 203(b)(1) and (2), SCACR (a notice of appeal in a case appealed from family court shall be served within thirty days after receipt of written notice of entry of the order or judgment). Therefore, the notice of appeal was properly dismissed.

## CONCLUSION

Based on the reasoning above, we affirm the court of appeals' decision dismissing the notice of appeal as untimely.

**AFFIRMED.**

MOORE, WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissents in a separate opinion.

Justice PLEICONES:

I respectfully dissent because, in my opinion, Petitioner's notice of appeal was timely. I would therefore reverse the Court of Appeals' order dismissing the appeal and remand the matter to that court with instructions that the appeal go forward.

On March 24, 2003, the family court filed its "Final Decree of Divorce." While this order stated that Petitioner would be required to contribute to Respondent's attorney's fees and other experts' fees, the amounts to be paid were not specified. On April 3, 2003, the judge filed a supplemental order correcting his initial clerical error and awarding Respondent approxi-

mately $46,000 in fees. Petitioner filed a motion to alter or amend; following a hearing the family court judge filed an "Order Regarding Post Trial Motion" on June 20, 2003. In this order, the judge explained for the first time that he calculated Petitioner's attorney's fee rates at $300/per hour rather than the $250/per hour mentioned at one point in Petitioner's attorney's fee affidavit because the judge concluded that the reference to $250 was "a scrivener's error."

Following receipt of the June 20 order, Petitioner filed a second post-trial motion asking only that the judge delete from that order the paragraph finding that the reference to $250/per hour was a scrivener's error. On August 5, 2003, an order denying this request was filed. In this order, the family court judge noted that this paragraph had been included because Rule 26, SCFCR, required that he make a specific fact finding why he rejected Petitioner's contention that the proper figure was $250 rather than $300. Petitioner then served and filed his notice of appeal on August 20, 2003.

The Court of Appeals apparently dismissed Petitioner's appeal because it found that his second post-trial motion was impermissibly successive, and that therefore the thirty-day period to serve the notice of appeal commenced when Petitioner received the June 20 order denying his first post-trial motion. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004)(when successive post-trial motions will toll the time to appeal). While the majority agrees with the Court of Appeals, I do not. A post-trial motion does not toll the time to appeal when it merely raises the same issues and arguments made in a prior post-trial motion. *Elam, supra.* In this case, however, Petitioner's second post-trial motion asked only that the family court reconsider a finding made in its first post-trial order. Petitioner could not have raised this issue until he received that order, and had he not challenged it through a post-trial motion would have been bound by that finding on appeal. *See Pelican Bldg. Centers v. Dutton*, 311 S.C. 56, 427 S.E.2d 673 (1993) (issue not preserved for appeal where ruling made first in post-trial order and not challenged by a subsequent Rule 59(e) motion). In my opinion, Petitioner's second post-trial motion tolled the time to appeal.

I would reverse the Court of Appeals' order and reinstate this appeal.