THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jennifer Lynn
 Christmas and Jay Christmas, Respondents,
 
 
 

v.

 
 
 
 Dale Eugene
 Enos, Jr. and A Rainbow of Carpets, Inc., Appellants.
 
 
 

Appeal From Berkeley County
 Kenneth G. Goode, Circuit Court Judge
Unpublished Opinion No. 2008-UP-099
Heard November 6, 2007  Filed February
 11,2008
APPEAL DISMISSED

 
 
 
 Michael J. Ferri, of Charleston, for Appellants.
 James G. Christmas, of N. Charleston, for Respondents.
 
 
 

PER CURIAM:  Dale
 Eugene Enos, Jr. and A Rainbow of Carpets (Appellants) appeal from the trial
 courts denial of their motion for a new trial and subsequent denial of their
 motion to alter and amend the judgment pursuant to Rule 59, SCRCP, following a
 jurys verdict in favor of Jennifer Christmas for $30,000.  Holding Appellants
 successive motion pursuant to Rule 59, SCRCP, did not toll the time for serving
 the notice of appeal, we dismiss the appeal as untimely.  
FACTS
This
 action arises from a motor vehicle accident that occurred when the vehicle in
 which Jennifer Christmas was a passenger was struck from behind by a vehicle
 driven by Dale Eugene Enos, Jr.  Jennifer and her husband Jay Christmas brought
 this action against Enos and his employer A Rainbow of Carpets, Inc., alleging
 causes of action for negligence, negligent entrustment, negligent hiring,
 supervision, and training, and loss of consortium.  
On
 November 30, 2005, the jury returned a general verdict in favor of Jennifer
 Christmas in the amount of $30,000.  It awarded no damages to Jay Christmas. 
 Appellants filed a motion for a new trial on December 12, 2005.  The trial
 court denied this motion in an order filed December 22, 2005.  Appellants
 received this order on December 29, 2005 and on January 8, 2006, filed a motion
 to reconsider or to alter or amend judgment pursuant to Rule 59(e), SCRCP.  The
 trial court denied this motion February 22, 2006 in a form order.  Appellants
 received written notice of the entry of this order on February 28, 2006.  They
 served their notice of appeal on March 29, 2006.  
LAW/ANALYSIS
The requirement of service of the notice of appeal is
 jurisdictional, i.e., if a party misses the deadline, the appellate
 court lacks jurisdiction to consider the appeal and has no authority or
 discretion to rescue the delinquent party by extending or ignoring the deadline
 for service of the notice.  Elam v. South Carolina Department of
 Transportation, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004).  An
 appellant must serve the notice of appeal in a case appealed from the Court of
 Common Pleas on all respondents within thirty days after receipt of written
 notice of entry of the order or judgment.  Rule 203(b)(1), SCACR.  A timely
 post-trial motion, including a motion to alter or amend the judgment pursuant
 to Rule 59(e), SCRCP, stays the time for an appeal for all parties until
 receipt of written notice of entry of the order granting or denying such
 motion.  Elam, 361 S.C. at 15, 602 S.E.2d at 775.  However, a successive
 post-trial motion, where a party simply recaptions a written motion for
 judgment notwithstanding the verdict (JNOV) or new trial, which has been ruled
 on, and resubmits it as a virtually identical, written Rule 59(e) motion does
 not stay the time for the service of the notice of appeal.  Quality Trailer
 Products v. CSL Equipment Co., 349 S.C. 216, 220, 562 S.E.2d 615, 618
 (2002).
Appellants motion to alter or amend is virtually identical to their
 motion for a new trial other than the caption and opening paragraphs setting
 forth the procedural history.  In the motion to alter or amend, Appellants did
 not request the trial court rule on an issue raised in the prior motion and not
 ruled on nor did they challenge a new ruling.  Thus, as in Quality Trailer
 Products, this successive motion did not stay the time for serving the
 notice of appeal.  Appellants received the trial courts order denying their
 written motion for new trial on December 29, 2005.  They had thirty days from
 this date in which to serve their notice of Appeal on the Christmases. 
 Appellants, however, did not serve the notice of appeal until March 29, 2006. 
 As the service of the notice of appeal was untimely, this court lacks
 jurisdiction to consider the appeal.  
Accordingly, the appeal is 
DISMISSED.
HUFF AND PIEPER, JJ., and GOOLSBY, A.J., concur.