THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ginger Reed,
 with whom Wayne Marshall Reed, III, is a Co-Plaintiff, Plaintiff,
 
 
 

v.

 
 
 
 Wayne Marshall
 Reed, Defendant,
 In Re: Wayne
 Marshall Reed, II, Respondent,
 
 
 

v.

 
 
 
 Ginger Reed, Appellant.
 
 
 

Appeal From Lexington County
Deborah Neese, Family Court Judge

Unpublished Opinion No. 2012-UP-056 
 Submitted January 3, 2012  Filed February
1, 2012

APPEAL DISMISSED

 
 
 
 Timothy G. Quinn, of Columbia, for
 Appellant.
 Jean Perrin Derrick, of Lexington, and Katherine
 Carruth Goode, of Winnsboro, for Respondent.
 
 
 

PER CURIAM:  Ginger Reed appeals the family court's
 denial of her Rule 59(e) motion to alter or amend judgment, arguing the family court
 erred in denying her motion as disallowed under the South Carolina Rules of
 Civil Procedure.  We dismiss the appeal as untimely[1] pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:  Rule 203(b)(1), SCACR (requiring a notice of appeal to
 be served on all respondents within thirty days after receipt of written notice
 of entry of the order or judgment but staying the time for appeal when a timely
 motion to alter or amend the judgment has been made); Elam v. S.C. Dep't of
 Transp., 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004) (noting that this court
 has "endorsed the prevailing view espoused by federal courts that a second
 motion for reconsideration under Rule 59(e) is appropriate only if it
 challenges something that was altered from the original judgment as a result of
 the initial motion for reconsideration"); id. at 20, 602 S.E.2d at
 778 ("An appeal may be barred due to untimely service of the notice of
 appeal when a partyinstead of serving a notice of appealfiles a successive
 Rule 59(e) motion, where the trial judge's ruling on the first Rule 59(e)
 motion does not result in a substantial alteration of the original judgment.");
  Coward Hund Constr. Co. v. Ball Corp., 336 S.C. 1, 3-6, 518 S.E.2d 56,
 58-59 (Ct. App. 1999) (dismissing an appeal as untimely because a successive
 Rule 59(e) motion did not stay the time for filing an appeal when the court's
 order denying the first Rule 59(e) motion did not alter its original judgment).
APPEAL DISMISSED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.