**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Transportation Associates, Inc., Respondent,

v.

Joseph T. Bishop, Appellant.

Appellate Case No. 2013-000552

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2015-UP-006
Submitted November 1, 2014 – Filed January 7, 2015

**DISMISSED**

Randall Scott Hiller, of Greenville, for Appellant.

Ronald G. Bruce, of Greer, for Respondent.

**PER CURIAM:** Because Joseph T. Bishop failed to timely serve his notice of appeal, this appeal is dismissed. *See Coward Hund Constr. Co. v. Ball Corp.*, 336 S.C. 1, 4, 518 S.E.2d 56, 58 (Ct. App. 1999) (holding a successive Rule 59(e), SCRCP, motion following the denial of a similar motion does not toll the time for filing an appeal when the trial court's ruling on the first Rule 59(e) motion did not change its ruling from trial); *id*. at 3, 518 S.E.2d at 58 ("[A] second motion for

reconsideration is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration.  In such a case, a new judgment has replaced the previous judgment and the party aggrieved by the alteration may move for reconsideration."); Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) ("Service of the notice of intent to appeal is a jurisdictional requirement, and this [c]ourt has no authority to extend or expand the time in which the notice of intent to appeal must be served.").[1]

**DISMISSED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We also find the appeal fails on the merits.  First, we find the trial court did not violate the Due Process Clause by determining the width of the easement because the trial court afforded Appellant notice that the issue would be considered, an opportunity to be heard in a meaningful way, and a fair hearing.  *See Blanton v. Stathos*, 351 S.C. 534, 541, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Due process is flexible and calls for such procedural protections as the particular situation demands.").  Second, we find the trial court's determination of the width of the easement was supported by evidence, including the deed, the plat, photographs of the right-of-way, and the parties' testimony.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.