**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rachel Farley, as Trustee of the Louise Farley Revocable
Trust Dated February 8, 2005; Drummond B. Farley;
Rachel R. Farley; Carol E. Farley; and Nancy E. Farley,
Appellants,

v.

Church of the Harvest of Columbia, Inc., Respondent.

Appellate Case No. 2019-001609

───────────

Appeal From Lexington County
Alison Renee Lee, Circuit Court Judge

───────────

Unpublished Opinion No. 2022-UP-193
Submitted March 1, 2022 – Filed May 11, 2022

───────────

**APPEAL DISMISSED**

───────────

S. Jahue Moore and William H. Edwards, both of Moore
Bradley Myers, PA, of West Columbia, for Appellants.

Robert W. Dibble, Jr., of Harrell, Martin, & Peace, P.A.,
of Chapin, for Respondent.

───────────

**PER CURIAM:** Appellants, the beneficiaries and Trustee of the Louise Farley
Revocable Trust Dated February 8, 2005 (the Trust), appeal the circuit court's

order granting summary judgment to Church of the Harvest of Columbia, Inc. (the Church) and dismissing their action seeking removal of the Church's obstructions to an easement owned by the Trust.

The trial court issued its original order granting summary judgment for the Church on May 9, 2019, and the Trust filed a timely Rule 59(e), SCRCP, motion asking the trial court to reconsider its ruling. The trial court denied the Trust's motion on June 19, 2019, but issued an amended order correcting three scrivener's errors on July 23, 2019. The Trust then filed a successive motion for reconsideration of the amended order rather than a notice of appeal. Because the Trust did not timely serve and file its notice of appeal, this court is without jurisdiction to consider the appeal. Accordingly, we dismiss the appeal pursuant to Rule 220(b), SCACR, and the following authorities: Rule 203(b)(1), SCACR (stating that in an appeal from the Court of Common Pleas, the notice of appeal must be served within thirty days after receipt of written notice of entry of the order or judgment); *Coward Hund Const. Co. v. Ball Corp.*, 336 S.C. 1, 3, 518 S.E.2d 56, 57 (Ct. App. 1999) ("If a timely motion is made pursuant to Rule 59, the time for appeal runs from the receipt of written notice of entry of the order disposing of the motion."); Rule 203(b)(1), SCACR (stating, however, that "[w]hen a form . . . order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt" of such order or judgment); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Robinson v. Robinson*, 365 S.C. 583, 585, 619 S.E.2d 425, 426 (2005) ("The filing of successive post-trial motions raising issues already raised to and ruled upon by the trial court does not toll the time to serve a notice of appeal." (citing *Quality Trailer Products, Inc. v. CSL Equip. Co., Inc.*, 349 S.C. 216, 219, 562 S.E.2d 615, 617 (2002))); *Coward Hund Const. Co.*, 336 S.C. at 3, 518 S.E.2d at 58 ("[A] second motion for reconsideration is appropriate only if it challenges *something that was altered from the original judgment* as a result of the initial motion for reconsideration." (emphasis added)); *Elam*, 361 S.C. at 20, 602 S.E.2d at 778 ("An appeal may be barred due to untimely service of the notice of appeal when a party—instead of serving a notice of appeal—files a successive Rule 59(e) motion, where the trial [court's] ruling on the first Rule 59(e) motion does not result in a substantial alteration of the original judgment.").

**APPEAL DISMISSED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.