# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

W. Kenneth Swing, Respondent,

v.

Jill K. Swing, Petitioner.

Appellate Case No. 2023-001389

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
Daniel E. Martin Jr., Family Court Judge

---

Opinion No. 28266
Heard November 13, 2024 – Filed March 12, 2025

---

## REVERSED AND REMANDED

---

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Petitioner.

Robert Bratton Varnado, of Brown & Varnado, LLC, of Charleston; John Edward Robinson, of Law Offices of John E. Robinson, LLC, of Charleston; and Jonathan William Lounsberry, of Killoren, Kissinger, Dantin, Denton & Durham, P.C., of Spartanburg, for Respondent.

Guardian Ad Litem S. Maria Shiloh Averill, of Averill Law Firm, LLC, of Mt. Pleasant.

**JUSTICE FEW:** The question before the Court is whether Respondent's Rule 59(e) motion—found by the family court to be "untimely"—stayed Appellant's time to appeal under Rule 203(b)(1) of our Appellate Court Rules. The court of appeals held it did not and dismissed the appeal. We hold it did and remand to the court of appeals to consider the merits of the appeal.

## I.      Facts and Procedural History

The family court conducted a trial in Kenneth and Jill Swing's divorce action from March 22-26, 2021. The family court characterized the trial as turning "on the contested issues of the pre-nuptial agreement, equitable division of property and assets, child custody, visitation and support, divorce on the ground of adultery, and fees and costs." On June 8, 2021, the family court filed a sixty-one-page "Final Order" detailing its findings of fact and conclusions of law as to those issues.

On June 16, 2021, Jill filed and served a motion to alter or amend the June 8 Final Order pursuant to Rule 59(e) of our Rules of Civil Procedure. On August 27, the family court issued two orders. The first order, entitled "Order on Defendant's Motion to Alter or Amend Final Order," stated the court was granting Jill's motion in part and the court would issue an amended final order. This order also indicated the specific changes the court would make to the Final Order. The second order, entitled "Amended Final Order," included the indicated changes. Kenneth alleges he received notice of the entry of the Amended Final Order on August 31.

On September 10, 2021, Kenneth filed and served his own Rule 59(e) motion entitled "Motion of Plaintiff to Alter, Amend or Reconsider And/Or Motion for Relief From August 27, 2021 Order." In addition to referencing the Amended Final Order in the caption of the motion, Kenneth attached the other August 27 order—the Order on Defendant's Motion to Alter or Amend Final Order—which specified the changes the family court indicated it would make in the Amended Final Order. No action was taken by either party or the family court to respond to or resolve Kenneth's Rule 59(e) motion for over nine months.

On June 22, 2022, Jill filed a return to Kenneth's motion in which she argued the motion was "untimely" and, thus, the family court "lack[ed] jurisdiction to consider it." Specifically, Jill argued Kenneth's motion was improperly "successive," as it sought only to amend rulings made in the original June 8 Final Order and did not

seek to amend the August 27 Amended Final Order, and Kenneth failed to file his motion within ten days after he received notice of the June 8 Final Order.

On July 14, 2022, following a hearing, the family court filed an order denying Kenneth's motion because it was "untimely." The order stated Kenneth sought relief only from rulings made in the June 8 Final Order and did not seek to amend anything from the August 27 Amended Final Order. Jill received written notice of the entry of the July 14 order on July 21, 2022.

On August 22, 2022, Jill served Kenneth with notice of her appeal to the court of appeals.[1] The notice indicated Jill was appealing the June 8 Final Order and the August 27 Amended Final Order. Kenneth filed a motion to dismiss Jill's appeal. In a strange twist, Kenneth argued Jill's appeal was untimely because *his own* September 10, 2021 motion was "untimely and successive," and thus Jill needed to serve her notice of appeal within thirty days of receipt of the August 27 Amended Final Order to meet the Rule 203(b)(1) deadline.

The court of appeals agreed with Kenneth and dismissed Jill's appeal. The court determined Kenneth's "post-trial motion was untimely and did not toll the time for serving and filing the notice of appeal." The court concluded, "Because Appellant concedes she failed to serve and file the notice of appeal within thirty days of written notice of entry of the August 27, 2021 order, this court lacks jurisdiction over this appeal."

We granted Jill's petition for a writ of certiorari to consider whether the court of appeals correctly dismissed her appeal.

## II.    Analysis

An appeal from a final order of the family court must be "served on all respondents within thirty . . . days after receipt of written notice of entry of the order." Rule 203(b)(1), SCACR; *see* Rule 203(b)(3), SCACR ("A notice of appeal in a domestic

---

[1] The due date for Jill serving the notice of appeal ran from July 21, so the deadline was August 20, which was a Saturday. Thus, serving the notice on Monday, August 22, met the Rule 203(b)(1) deadline. *See* Rule 263(a), SCACR ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday.").

relations action shall be served in the same manner provided by Rule 203(b)(1)."). Rule 203(b)(1) goes on to provide, however, "When a timely motion . . . to alter or amend the judgment (Rule[] . . . 59, SCRCP) . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion."  Likewise, Rule 59(f), SCRCP provides, "The time for appeal for all parties shall be stayed by a timely motion under this Rule and shall run from the receipt of written notice of entry of the order granting or denying such motions."  Under Rule 59(e), SCRCP, "A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."

South Carolina courts applying the "stayed" provisions of Rules 203(b)(1) and 59(f) have struggled to ensure that litigants are not permitted to use inappropriately successive and thus procedurally improper post-trial motions to delay the deadline for initiating an appeal, but also to protect lawyers who conscientiously attempt to comply with the preservation requirement that certain issues must be brought to the trial court's attention before an appeal.  *Compare Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 19, 602 S.E.2d 772, 777 (2004) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments." (cleaned up) (quoting *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996))), *with Elam*, 361 S.C. at 25, 602 S.E.2d at 780 ("[C]ivil procedure and appellate rules should not be . . . interpreted to create a trap for the unwary lawyer . . . ."), *and Elam*, 361 S.C. at 23, 602 S.E.2d at 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."); *see* David Proffitt, *Should I Stay or Should I Go? Deciding Whether to Appeal or File A Motion to Reconsider*, S.C. Law., July 2007, at 39 (observing that our pre-*Elam* caselaw may leave attorneys "stuck between the rock of wondering whether you should promptly serve a notice of appeal to meet the drop-dead deadline to appeal and the hard place of filing of a Rule 59(e) motion to ensure you've met the drop-dead requirement of preserving an issue for appellate review"); *Elam*, 361 S.C. at 25, 602 S.E.2d at 780-81 ("We strive to avoid an interpretation of procedural rules which routinely would place a party between the proverbial rock and a hard place." (footnote omitted)).  We acknowledge this balance has been quite difficult to strike, and the consequences of our difficulty have fallen primarily on the backs of conscientious lawyers trying to do the right thing when it is not at all clear what that is.  This case provides another opportunity for this Court to better strike the balance and bring clarity to the uncertainty surrounding Rule 59(e).

In recent years, the Court has refocused the analysis of our Rules onto their plain language. *See Whitfield v. Schimpf*, 444 S.C. 633, 656 n.7, 911 S.E.2d 310, 322 n.7 (2025) (stating, "This Court has recently emphasized that trial courts should apply the language of the Rules," and collecting cases). Today, we bring that refocusing to the word "timely" in Rules 203(b)(1) and 59(f). Rule 203(b)(1) provides that when any party makes a "timely" Rule 59(e) motion, "the time for appeal for all parties shall be stayed." *Accord* Rule 59(f). While Rule 59 does not expressly define the term "timely," the plain language of Rule 59(e) indicates the term means "not later than 10 days after receipt of written notice of the entry of the order." Thus, we clarify today that "timely" is a temporal term, and as it is used in Rules 203(b)(1) and 59(f), it means only that the post-trial motion—in this case a Rule 59(e) motion[2]—was served on the opposing parties not later than ten days from the date of receipt of written notice of the entry of the order the merits of which the motion purports to address.

In this case, Kenneth's September 10 motion stated in its caption he sought "Relief From August 27, 2021 Order," and he attached a copy of the August 27 Order on Defendant's Motion to Alter or Amend Final Order. He received written notice of the entry of those two orders on August 31. Thus, Kenneth's September 10 motion openly purports to address the merits of the August 27 Amended Final Order and, therefore, was "timely" under Rules 203(b)(1) and 59(f).

This does not mean, of course, that all timely Rule 59(e) motions will stay the Rule 203(b)(1) deadline for appeal. This Court and our court of appeals have explained this point in numerous cases, most notably *Coward Hund Construction Co. v. Ball Corp.*, 336 S.C. 1, 518 S.E.2d 56 (Ct. App. 1999); *Quality Trailer Products, Inc. v. CSL Equipment Co.*, 349 S.C. 216, 562 S.E.2d 615 (2002); *Collins Music Co. v. IGT*, 353 S.C. 559, 579 S.E.2d 524 (Ct. App. 2002); and *Elam v. S.C. Department of Transportation*. As we explained in *Elam*, the decisions of this Court and our court of appeals in *Coward Hund*, *Quality Trailer*, and *Collins Music* recognized two

---

[2] The word "timely" in Rules 203(b)(1) and 59(f) applies to other post-trial motions in which the timing deadline requires when the motion must be "made." *See* Rule 50(e), SCRCP ("The motion for judgment n.o.v. shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter."); Rule 59(b), SCRCP ("The motion for a new trial shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter."). As this case involves Rule 59(e), we discuss the meaning of "timely" in terms of when the timing deadline requires the motion be "served."

limited situations in which a Rule 59(e) motion filed within ten days of receipt of the order the motion purports to address—a timely motion—nevertheless fails to stay the Rule 203(b)(1) deadline. We stated,

> *Coward Hund* barred as untimely an appeal from a second, written Rule 59(e) motion raising the same issues on which a ruling had been obtained by virtue of a previous, written Rule 59(e) motion; *Quality Trailer* barred as untimely an appeal from a first, written Rule 59(e) motion raising the same issues, verbatim, on which a ruling had been obtained in a previous, written JNOV/new trial motion. . . . *Collins Music* is similar to *Quality Trailer* because it barred an appeal as untimely from a first, written Rule 59(e) motion raising the same issues on which a ruling had been obtained in a previous, written, virtually identical JNOV/new trial motion.

361 S.C. at 16-17, 602 S.E.2d at 776.

Our ultimate holding in *Elam* was based on our finding "the Court of Appeals . . . has extended the holdings and rationale of those three cases in a manner which unnecessarily complicates post-trial and appellate practice." 361 S.C. at 14, 602 S.E.2d at 775. We held,

> After studied review, we reject the rationale and result reached by the Court of Appeals in the present case . . . . We conclude a party usually is free to file an initial Rule 59(e) motion . . . without unnecessary concern the repetition of an issue or argument made in a previous motion will result in a subsequent appeal being dismissed as untimely. . . . Again, we caution a party who files post-trial motions to note carefully the exceptions to this general rule as expressed in *Coward Hund*; *Quality Trailer* and *Collins Music*.

361 S.C. at 21, 602 S.E.2d at 778.

The use of the word "untimely" to articulate the holdings in *Coward Hund*, *Quality Trailer*, *Collins Music*, and *Elam* was unfortunate and led to much of the confusion over when a Rule 59(e) motion does—or does not—stay the time for appeal under

Rule 203(b)(1). To explain that these cases are actually not about whether the Rule 59(e) motion was "timely" as we have now defined it, we turn to a careful analysis of our explanation and holding in *Elam*. In the opening sentence of our discussion in *Elam*, we stated, "We take this opportunity to clarify the limits and rationale of *Quality Trailer*, . . . *Coward Hund* . . . , and *Collins Music*." 361 S.C. at 14, 602 S.E.2d at 775. We were attempting in *Elam* to lay out the limiting parameters of the three prior decisions. In doing so, while we continued to use the term "untimely," we described the "limits and rationale" of those cases as being based on "[t]he [*Coward Hund* and] *Quality Trailer* view of successive post-trial motions." 361 S.C. at 16, 602 S.E.2d at 776; *see* 361 S.C. at 15, 602 S.E.2d at 775 ("The Court of Appeals in 1999 took the first step toward *Quality Trailer* in *Coward Hund* . . . ."). We also used the terms "appropriate" and "inappropriate" in attempting to distinguish between motions that do stay the time for appeal and those that do not.[3] From the entirety of the discussion of this issue in *Coward Hund*, *Quality Trailer*, and *Collins Music*, all as summarized and explained in *Elam*, it becomes clear the central point on which the question of whether a Rule 59(e) motion stays the deadline for appeal under Rule 203(b)(1) is not whether the motion was served within ten days, but whether the motion was inappropriately successive and thus procedurally improper.

Just as the *Elam* Court refused to extend the "limits and rationale" of *Coward Hund* and *Quality Trailer* beyond the two specific situations set forth in those cases, 361 S.C. at 14, 602 S.E.2d at 775, we refuse to extend them today.[4] Rather, under the

---

[3] *See* 361 S.C. at 15, 602 S.E.2d at 775 (referring to *Coward Hund*, and stating "the Court of Appeals endorsed the prevailing view espoused by federal courts that a second motion for reconsideration under Rule 59(e) is *appropriate* only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration" (emphasis added)); 361 S.C. at 20 n.2, 602 S.E.2d at 778 n.2 ("We are aware that a party may attempt to file both a Rule 59 motion and a notice of appeal. If this does occur, one or the other will be *inappropriate* depending on whether the motion is both timely under Rule 59 and permissible under our ruling today. . . . It is . . . the party's responsibility to determine whether a Rule 59 motion . . . is *appropriate* under the facts of the case." (emphasis added) (citation omitted)).

[4] For simplicity, from here on we will refer to the two situations the *Elam* Court called "exceptions" as the *Coward Hund* and *Quality Trailer* situations or exceptions because, as we said in *Elam*, "*Collins Music* is similar to *Quality Trailer*." 361 S.C. at 17, 602 S.E.2d at 776.

fairly emphatic explanation given by the *Elam* Court, timely post-trial motions always stay the time for appeal unless the motion fits into one of the two "exceptions" initially set forth in *Coward Hund* and *Quality Trailer*. *See Elam*, 361 S.C. at 21, 602 S.E.2d at 778 ("Again, we caution a party who files post-trial motions to note carefully the exceptions to this general rule as expressed in *Coward Hund* [and] *Quality Trailer* . . . ."). While we do not foreclose the possibility that another scenario may arise justifying a third exception, we note that twenty-one years have elapsed since *Elam* and no such scenario has yet arisen, and—as we are about to explain—this case certainly does not present that third exception.

This case differs fundamentally from the factual and procedural situations that gave rise to the exceptions set forth in *Coward Hund* and *Quality Trailer* for at least four reasons. First, neither of those decisions—nor any decision we can find from this Court or the court of appeals regarding a Rule 59(e) motion that was alleged to be inappropriately successive or procedurally improper—dismissed an appeal from a family court order resolving the merits of a divorce action along with issues of equitable division and support.[5] These types of family court decisions are different from decisions in the court of common pleas because the various elements of such a family court decision are necessarily interconnected. For example, if a family court changes its ruling on equitable division, that change may also legitimately change the way the family court should handle alimony or child support. Therefore, in family court—as opposed to most circuit court decisions—the simple fact one issue was not mentioned in an order granting a Rule 59(e) motion does not automatically foreclose a party from then properly raising the question of how the change that was made affects the other issue that was not mentioned. As Kenneth's counsel aptly described this point at oral argument, "when a family court amends an order, it's much like an amoeba, if you touch one part of it, another part of it moves."

Second, Jill—the appellant—is not the party who filed the allegedly procedurally improper Rule 59(e) motion. In every previous case in which this Court or the court of appeals found a Rule 59(e) motion to be procedurally improper and thus did not

_____

[5] Kenneth cites *Robinson v. Robinson*, 365 S.C. 583, 619 S.E.2d 425 (2005). That case, however, though it was an appeal from family court, did not deal with the type of order we address in this case. Rather, the issue there was a narrow question on the hourly rate the attorney for the prevailing party was entitled to charge in a fee petition. 365 S.C. at 584, 619 S.E.2d at 425. *See also infra* for a discussion of *Camp v. Camp*, 386 S.C. 571, 689 S.E.2d 634 (2010).

stay the deadline for appeal, the party filing the appeal was also the party who filed the procedurally improper Rule 59(e) motion.

Third, Kenneth's September 10 motion was his first Rule 59(e) motion. As we stated in *Elam*, "a party usually is free to file an initial Rule 59(e) motion . . . without unnecessary concern the . . . motion will result in a subsequent appeal being dismissed." 361 S.C. at 21, 602 S.E.2d at 778; *see also Elam*, 361 S.C. at 25, 602 S.E.2d at 780 ("Our mandatory preservation requirements make it doubly important that litigants generally be freely allowed to file a first, written Rule 59(e) motion without concern a later appeal will be [dismissed]."). In every prior case in which this Court or the court of appeals found a Rule 59(e) motion did not stay the time for appeal, the party who filed the procedurally improper motion previously made another written post-trial motion.

Finally, Kenneth's September 10 Rule 59(e) motion was not in any sense "identical" to Jill's previous motion. In every prior case in which this Court or the court of appeals found a Rule 59(e) motion did not stay the time for appeal, the second motion was essentially identical to the first motion. Related to this point, and following up on the first reason listed above that family court cases are unique and do not fit nicely into the exceptions set forth in *Coward Hund* and *Quality Trailer*, it was not at all clear to anyone—not Kenneth, not the family court, certainly not Jill—until many months later that Kenneth's September 10 motion actually did not address any issues related to the August 27 Amended Final Order. Kenneth's motion put Jill and her counsel in an extraordinarily difficult position. As the court of appeals decided this question, Jill's counsel had to decide within a very short window of time whether to file an appeal, despite Kenneth's timely Rule 59(e) motion, or wait until the family court determined whether the motion was procedurally proper, and thus risk her appeal being dismissed. To use the Court's words from *Elam*: "civil procedure and appellate rules should not be . . . interpreted to create a trap for the unwary lawyer." 361 S.C. at 25, 602 S.E.2d at 780.

The parties to this case—and the court of appeals—treated this issue as though the applicable "rule" is that inappropriately successive or procedurally improper Rule 59(e) motions do not stay the time for appeal. Under this view, the question as to the timeliness of the appeal is whether any Rule 59(e) motion somehow runs afoul of a rule of procedure. It should simplify the matter for everyone to learn that this is not the correct view. Rather, the "rule" is Rule 203(b)(1), which provides in plain language that a "timely" motion stays the time for appeal for all parties. As we explained, "timely" means only that the Rule 59(e) motion was served on the opposing parties not later than ten days from the date of receipt of written notice of

the entry of the order the merits of which the motion purports to address. In *Coward Hund* and *Quality Trailer*, however, the court of appeals and this Court judicially created two limited exceptions to the rule. In *Elam*, we were very careful to stress the "limits and rationale" of the two "exceptions" from *Coward Hund* and *Quality Trailer*. 361 S.C. at 14, 21, 602 S.E.2d at 775, 778. We have been careful in other cases not to extend these exceptions to all procedurally improper Rule 59(e) motions. In *Camp v. Camp*, 378 S.C. 237, 662 S.E.2d 458 (Ct. App. 2008), for example, the court of appeals dismissed an appeal because the appellant's Rule 59(e) motion was "insufficient under Rule 7(b)(1), SCRCP," and thus—the court of appeals held—did not stay the deadline for filing an appeal. 378 S.C. at 240, 662 S.E.2d at 459. We reversed, finding the "motion for reconsideration tolled the time for filing a notice of appeal" despite the fact it failed to "state with particularity the grounds therefor" as required by Rule 7(b)(1) and was thus procedurally improper. *Camp v. Camp*, 386 S.C. 571, 576, 689 S.E.2d 634, 637 (2010). Like the *Camp* Court did and the *Elam* stated, we find "the Court of Appeals in the present case . . . has extended the holdings and rationale of those . . . cases in a manner which unnecessarily complicates post-trial and appellate practice." *Elam*, 361 S.C. at 14, 602 S.E.2d at 775.

Today we clarify that "timely," as that term is used in Rules 203(b)(1) and 59(f), means the Rule 59(e) motion was served on the opposing parties within ten days from the date of receipt of written notice of the entry of the order the merits of which the motion purports to address. However, we do not "alter or amend" *Coward Hund*, *Quality Trailer*, *Collins Music*, or *Elam* in any other way. In fact, we uphold *Elam* and reaffirm that Court's limitation on the two exceptions specifically adopted in *Coward Hund* and *Quality Trailer*.

### III. Conclusion

We reverse and remand to the court of appeals for consideration of Jill's appeal.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., JAMES, HILL and VERDIN, JJ., concur.**